## MILLER v. HEAD et al.    (No. 193.)

(Court of Civil Appeals of Texas. Eastland. April 9, 1926. Rehearing Denied May 14, 1926.)

**1. Insurance ⬅➡103.**

In suit for breach of insurance agent's contract to issue automobile insurance policy, judgment for plaintiff *held* not sustained by evidence, where record did not show the kind which had been issued and delivered to plaintiffs.

**2. Evidence ⬅➡84—Where evidence as to compliance with contract is peculiarly within knowledge of one party, presumption arises against him, and every reasonable intendment is indulged in favor of his opponents.**

Where the evidence as to whether a party has complied with contract is peculiarly within the party's knowledge, a presumption arises against him, and every reasonable intendment is indulged in favor of his opponents.

**3. Insurance ⬅➡103—In suit on contract to issue automobile theft policy, sustaining demurrer to allegations that insured sold automobile, and took in part payment another automobile, held erroneous.**

In suit on contract to issue policy insuring automobile against theft, sustaining demurrer to allegations that insured sold automobile, and took in part payment another of reasonable value of $450, *held* erroneous, as defense was germane, as it would relieve defendants of liability to extent of $450.

**4. Insurance ⬅➡103—Testimony showing definite contract with insurance agent for certain policy of automobile insurance to be thereafter issued held not to raise question of agent's acting for both insurance company and insured.**

Testimony showing definite contract with insurance agent for a certain automobile policy to be thereafter issued *held* not to raise question of agent's acting in dual capacity for both insurance company and insured, so as to make the contract void.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by L. D. Head and others against A. H. Miller. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Thompson, Knight, Baker & Harris, of Dallas, Hickman & Bateman, of Breckenridge, and Grisham Bros., of Eastland, for appellant.

Will R. Saunders, of Breckenridge, for appellees.

PANNILL, C. J. Appellees Head and Chastain, copartners doing business under the name of City Garage, brought this suit against appellant for the alleged breach of a contract made between appellees and appellant, whereby appellant agreed, as the agent of the Home Insurance Company, to issue to appellees a policy of insurance which would insure appellees as the owners of a certain automobile against any loss of said automoblie by fire, theft, or collision. The occasion of the contract was that plaintiffs, as alleged, were negotiating a sale of the automobile in question to one Jordan, and were allowing said Jordan to take it from Breckenridge to Fort Worth for the purpose of making such financial arrangements in order to conclude such purchase. Appellees further alleged that, after appellant had made the alleged agreement to issue such policy of insurance, appellant assured appellees that they were fully protected in allowing said automobile to be taken from appellees' possession, as before stated by said Jordan, against any loss occasioned to said automobile by fire, theft, or collision. By appropriate allegations appellees alleged a breach of said agreement on the part of appellant and a conversion by said Jordan of said car to his own use and benefit, the subsequent recovery of the automobile in the state of California, the expenditure of $313.01 in returning the same to appellees' place of business, and depreciation in value to the extent of $600. Among other defenses pleaded by appellant was that said Jordan, at the time he took possession of appellees' automobile, left with appellees an automobile belonging to Jordan of the value of $450 as part payment for the automobile delivered by appellees to Jordan. A demurrer was sustained to that part of appellant's answer just referred to.

The case was tried before a jury, and at the conclusion of the evidence introduced by appellees appellant presented a motion for an instructed verdict, which was overruled. Appellant then declined to offer any testimony, whereupon the court instructed a verdict for appellees for the sum of $743, from which judgment this appeal is prosecuted.

[1, 2] Several assignments are presented, but only three require discussion. It is claimed that appellees did not introduce any evidence

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tending to show a breach of the contract sued upon. The record reveals that, pursuant to the agreement to issue a policy as alleged, appellant as agent did issue a policy of insurance, and delivered the same to appellees' attorney, and that said policy was in the possession of said attorney at the time of the trial, but neither said policy nor the substance thereof is shown by the statement of facts. It is conceded by appellees that the record does not show the kind or character of policy which was issued by appellant, and that affirmative evidence as to the breach of the contract is not in the record, but insist that evidence, as to whether appellant complied with the contract in question was peculiarly within his knowledge, and seek to invoke the rule that in such a case a presumption is raised against appellant and every reasonable intendment indulged in favor of his opponents on the issue. The correctness of the rule sought to be invoked by appellees is conceded, but its application here is not perceived. According to appellees' testimony, appellant agreed to issue a certain kind of policy, and did issue a policy, which at the time of the trial was in appellees. Certainly appellees had as much knowledge as any one as to whether the policy issued was the one contracted for. Appellees should have shown by some appropriate testimony that the agreement relied on was breached by appellant. Appellant's assignment that the verdict and judgment is without legal evidence to support it must be sustained.

[3] Appellees' answer to the assignment complaining of the ruling sustaining an exception to the answer of appellant, as shown above, is that the defense pleaded is not germane to appellees' cause of action. It is certain that the learned trial court did not sustain appellees' demurrer on any such ground, so it is left to conjecture as to the reason persuading the trial court to sustain the demurrer. The stricken plea alleged that appellees sold their automobile to Jordan, and took in part payment thereof another automobile of the reasonable value of $450. In testing the sufficiency of a pleading, the allegations must be taken as true. The answers, as shown above, would certainly be germane to appellant's defense, as it would relieve appellant of the sum of $450 of the damages sued for.

[4] The proposition asserted by appellant that the contract was void, in that, under the agreement proven, appellant was acting in a dual capacity, both for the insurance company and the appellees, will be overruled. Appellees' testimony showed a definite contract for a certain policy to be thereafter issued which does not, it seems, raise a question of dual capacity. Cohen et al. v. Continental Fire Ins. Co., 67 Tex. 325, 3 S. W. 296, 60 Am. Rep. 24; American Cent. Ins. Co. v. Robinson

(Tex. Civ. App.) 219 S. W. 278; Austin Fire Ins. Co. v. Adams-Childers Co. (Tex. Civ. App.) 232 S. W. 339.

The other rulings under complaint may not occur upon another trial. For the reasons indicated, the judgment is reversed and the cause remanded.