**ALLSTATE INSURANCE COMPANY, Petitioner,**

v.

**Rhonda BONNER, Respondent.**

No. 00–0282.

Supreme Court of Texas.

Argued March 28, 2001.

Decided May 10, 2001.

Wade Caven Crosnoe, Lisa Ann Songy, Dallas, Jeff D. Otto, Stephen A. Wood, Austin, Thompson Coe Cousins & Irons, for Petitioner.

Mark Wesley Crampton, Law Office of Mark Crampton, Philip K. Maxwell, Longley & Maxwell, Austin, for Respondent.

---

1. 51 S.W.3d 231 (Tex.2001).

Justice ABBOTT delivered the opinion of the Court.

■ The question we consider is whether an insurer that does not comply with the claim acknowledgment requirements of Texas Insurance Code article 21.55, section 6 must pay its insured's attorney's fees when the insured is awarded uninsured motorist benefits that do not exceed personal injury protection benefits previously paid by the insurer under the policy. The court of appeals affirmed a take-nothing judgment against the insured, Rhonda Bonner, but awarded attorney's fees under article 21.55, section 6 of the Insurance Code because Allstate had not timely acknowledged Bonner's claim. 43 S.W.3d 532. We hold that section 6 makes the insurer's liability on the claim a prerequisite for imposing penalties. Because the previously paid benefits exceeded the amount awarded to Bonner for her uninsured motorist claim, Allstate was not liable for the claim under the terms of the insurance policy and therefore did not owe attorney's fees under article 21.55, section 6. Accordingly, we reverse that part of the court of appeals' judgment awarding Bonner attorney's fees and costs and render judgment that Bonner take nothing.

## I

### Background

Rhonda Bonner was insured under an Allstate personal automobile policy when she was injured in an accident caused by an uninsured motorist in October 1997. Bonner submitted notice for a personal injury protection ("PIP") benefits claim along with a chiropractic bill for $1,802. Allstate acknowledged and reduced the claim and paid Bonner $1,619. After receiving that money, Bonner submitted notice for an uninsured motorist ("UM") benefits claim under the same insurance policy on December 11, 1997. Allstate received the demand letter on December 15, 1997, but did not acknowledge receipt of the letter until January 16, 1998.

Allstate eventually denied Bonner's UM claim, and Bonner sued Allstate to recover the UM benefits. Bonner alleged that she was injured by the uninsured motorist's negligence and that Allstate failed to comply with article 21.55 because Allstate did not acknowledge receipt of Bonner's demand within fifteen days. *See* TEX. INS. CODE art. 21.55, § 2 (Supp.2000). Based on these allegations, Bonner claimed she was entitled to damages, attorney's fees, and costs. Allstate stipulated that it did not acknowledge receipt of Bonner's demand within fifteen days but defended the claim based on the undisputed fact that Allstate had already paid Bonner $1,619 in PIP benefits.

The jury returned a verdict: (1) finding that the negligence of the uninsured motorist proximately caused the accident; (2) awarding $1,000 compensation for Bonner's chiropractic care, but nothing for her physical pain and suffering and impairment claims; and (3) awarding $7,500 for Bonner's attorney's preparation and trial work. Because Bonner's policy contained a nonduplication-of-benefits provision, and because the $1,619 PIP payment exceeded the $1,000 UM damage award, the trial court rendered judgment that Bonner take nothing. The trial court declined to award Bonner attorney's fees and taxed costs of court against her.

The court of appeals affirmed the take-nothing judgment for the UM benefits, but reversed the trial court's denial of attorney's fees and assessed all costs of court for trial and appeal against Allstate. The court of appeals relied on *Dunn v. Southern Farm Bureau Casualty Insurance Co.*, 991 S.W.2d 467 (Tex.App.—Tyler 1999, pet. denied), for the proposition that an insurer must comply with article 21.55

every time an insured presents a claim, or face penalties under section 6. *Id.* at 472. Like Allstate, Dunn's insurer had violated article 21.55 in its response to a UM claim after timely paying benefits on a PIP claim. *Id.* at 471. Here, the court of appeals concluded that, like Dunn, Bonner was entitled to attorney's fees because Allstate did not acknowledge Bonner's claim within fifteen days of receipt.

Allstate argues that article 21.55, section 6 does not entitle Bonner to attorney's fees because it penalizes insurers only when they fail to acknowledge claims for which they are liable. Allstate maintains that it was not liable for Bonner's UM claim, even though she proved negligence and damages, because the nonduplication-of-benefits provision in the policy entitled her to UM benefits only if her UM damages exceeded those damages "paid or payable" under the policy's PIP coverage. Allstate distinguishes *Dunn* because the insurer there had to pay UM damages over and above previously paid PIP benefits. *See id.* at 470. Instead, Allstate points to *Blizzard v. Nationwide Mutual Fire Insurance Co.*, 756 S.W.2d 801 (Tex.App.—Dallas 1988, no writ), which denied attorney's fees to an insured who established damages that were less than the total amount her insurer had already paid.

Bonner responds that the court of appeals correctly awarded attorney's fees because she does have a valid claim that required Allstate to follow article 21.55's acknowledgment procedures. Bonner argues that the jury's findings on negligence and damages, along with Allstate's stipulation that it did not timely acknowledge receipt of her demand letter, establish her right to attorney's fees under the statute.

## II

### Discussion

■ Insurance Code article 21.55 establishes procedures for the prompt payment of insurance claims, including the acknowledgment of an insured's notice of a claim. The statute defines "claim" as "a first party claim made by an insured ... under an insurance policy ... that must be paid by the insurer directly to the insured." TEX. INS.CODE art. 21.55, § 1(3)(Supp.2000). Section 2 provides that "an insurer shall, not later than the 15th day after receipt of notice of a claim ... acknowledge receipt of the claim." *Id.* § 2(a)(1). Section 6—the focus of this case—provides a penalty of 18 percent per annum of the amount of the claim, along with reasonable attorney's fees, "[i]n all cases where a claim is made pursuant to a policy of insurance and the insurer liable therefor is not in compliance with the requirements of this article." *Id.* § 6. To successfully maintain a claim under section 6, a party must establish three elements: (1) a claim under an insurance policy; (2) that the insurer is liable for the claim; and (3) that the insurer has failed to follow one or more sections of article 21.55 with respect to the claim.

Bonner contends that section 6 entitles her to attorney's fees because Allstate stipulated to a "violation" of article 21.55 for not timely acknowledging her claim. But Allstate's stipulation merely satisfies the noncompliance element needed to invoke section 6. Allstate's stipulation does not satisfy the second requirement to recover under section 6: the insurer's liability. To meet this second requirement, Allstate must be liable under the terms of its insurance policy with Bonner.

■ Bonner's claim, made pursuant to her insurance policy, is contractual in nature. *See Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653–54 (Tex.2000). To establish a claim under the policy, Bonner had to prove not only that an uninsured or underinsured driver negligently

caused the accident that resulted in her covered damages, but also that all applicable policy provisions were satisfied. *See id.; State Farm Mut. Auto. Ins. Co. v. Grayson,* 983 S.W.2d 769, 770 (Tex.App.—San Antonio 1998, no pet.). The nonduplication-of-benefits provision in this policy is valid and enforceable, *see Mid–Century Ins. Co. v. Kidd,* 997 S.W.2d 265, 276 (Tex.1999), and would have made Allstate liable for Bonner's UM claim only if Bonner had proved more in damages than Allstate had already paid in PIP benefits. But because Bonner proved only $1,000 in damages—$619 *less* than she had already received—she did not establish a claim under the terms of her policy.

The court of appeals' reliance on *Dunn* is misplaced. Although *Dunn* did apply article 21.55 to facts involving a promptly paid PIP claim and an insurer's subsequent delay in acknowledging and paying a UM claim, it did not involve a UM claim for which the insurer was not liable under the policy. Instead, the insured's UM claim exceeded the previously paid PIP benefits, and the insurer in *Dunn* was liable for $220,000 in actual damages. *See Dunn,* 991 S.W.2d at 470. As a consequence for delaying acknowledgment and payment of a claim for which it was liable, the insurer in *Dunn* was subject to the section 6 penalties. *See id.* at 478. By contrast, because Allstate is not liable for Bonner's UM claim, its failure to acknowledge receipt of that claim within fifteen days does not subject it to the penalties in article 21.55, section 6.

Although Bonner agrees that the PIP benefits preclude any award of actual damages, she argues that Allstate was nevertheless liable for the penalties under section 6. She points to case law holding that a party need not receive a net recovery of damages to be a prevailing party eligible for an award of costs or attorney's fees.

*See McKinley v. Drozd,* 685 S.W.2d 7, 9–11 (Tex.1985) (attorney's fees); *Perez v. Baker Packers,* 694 S.W.2d 138, 143 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (costs). But these cases are inapposite.

In *McKinley,* the plaintiff proved an ordinary breach of contract, and the defendant proved a counterclaim under the Deceptive Trade Practices Act. *McKinley,* 685 S.W.2d at 8. In *Perez,* the plaintiff succeeded on a negligence claim, but received nothing because another defendant had already settled with him for more than his actual damages. *Perez,* 694 S.W.2d at 143; *but see Hamra v. Gulden,* 898 S.W.2d 16, 19 (Tex.App.—Dallas 1995, writ dism'd w.o.j.). Here, Allstate's payment of $1,619 in PIP benefits was a policy defense, not a counterclaim or a settlement by a different defendant who was not jointly liable. By proving that it had already paid Bonner more than her UM damages, Allstate did not simply gain the right to offset one valid claim against another. Instead, Allstate completely defeated Bonner's UM claim, and under the policy terms was not liable to her.

### III

### Conclusion

Although Allstate failed to acknowledge Bonner's claim within fifteen days, Bonner has not presented a claim under her insurance policy for which Allstate is liable. As a consequence, Bonner cannot recover attorney's fees under Insurance Code article 21.55, section 6. Accordingly, we reverse that part of the court of appeals' judgment awarding Bonner attorney's fees and costs and render judgment that Bonner take nothing.