Opinion issued on July 8, 2004








     




In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00464-CV




ROBERT D. CLEMENTS, JR., Appellant

V.

MINNESOTA LIFE INSURANCE COMPANY, Appellee

* * *

MINNESOTA LIFE INSURANCE COMPANY, Appellant

V.

ROBERT D. CLEMENTS, JR., Appellee





On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2002-20479




O P I N IO N

          Appellant, Robert D. Clements, Jr. (Clements), sued appellee, Minnesota Life
Insurance Company, in an action for the proceeds of his ex-wife’s, Terry T.
Clements’s (Terry’s), life insurance policy. Clements sought statutory damages under
the Texas Insurance Code, and, among other things, prejudgment interest. In its final
judgment, the trial court awarded $158,731.41 from policy funds and $17,900 in
remaining funds to Clements and $2,100 to Minnesota Life for attorney’s fees
incurred to effectuate its interpleader.


 The trial court ordered that Clements create
a trust fund for Clements’s and Terry’s daughter, Kelse Layne Clements (KLC),
contribute to the trust a sum of money each year sufficient to purchase a $500,000,
15-year term life insurance policy for KLC, and pay all premiums on the policy. It
also ordered that Clements place $10,000 in the Putnam College Advantage Program
for the purpose of assisting KLC with college expenses. It further ordered that
Minnesota Life pay $4,000 in ad litem fees.
          In two issues, Clements contends that the trial court erred in denying (1) 
statutory damages against Minnesota Life and (2) Clements’s prejudgment interest. 
We affirm. 
           In two issues, Minnesota Life contends that the trial court abused its discretion
in (1) denying Minnesota Life attorney’s fees for “the successful defense of an appeal
of the final judgment” and (2) assessing ad litem fees against Minnesota Life. We
affirm. 
Background
          On August 31, 1990, Minnesota Life issued a life insurance policy to Terry. 
The policy named Clements, Terry’s husband at that time, as the primary beneficiary. 
The policy included an additional agreement which provided for an automatic cost-of-living increase. The automatic increase agreement provided that, if there is an
increase in the consumer price index, the face amount of the policy will automatically
be increased without the need for evidence of insurability. Any beneficiary
designation in effect for the policy at the time of reissuance, due to the automatic
cost-of-living agreement, was unaffected. Terry did not change her beneficiary
designation at the time of any policy reissuance. In 1991, Terry and Clements
divorced. On June 9, 2001, Terry died. At the time of Terry’s death, the policy had
a face value of $173,000. On July, 25, 2001, Clements, as the beneficiary, notified
Minnesota Life of his claim. Minnesota Life’s policy required payment on receipt of
proof of the insured’s death, and, on August 20, 2001, Minnesota Life received such
proof. 
          On September 18, 2001, Clements sued Minnesota Life under article 21.55 of
the Texas Insurance Code for statutory damages and to recover the insurance policy
proceeds. On September 28, 2001, Minnesota Life offered to tender the policy
proceeds into the trial court’s registry. On March 27, 2002, Minnesota Life submitted
the funds into the trial court’s registry.



          Clements and Minnesota Life both filed summary judgment motions. 
Clements’s summary judgment motion asserted that he was entitled to the policy
proceeds, prejudgment interest, and statutory damages under article 21.55 of the
Texas Insurance Code and that the only other “potential claimant”


 agreed. 
Minnesota Life’s summary judgment motion responded that Clements was not
entitled to prejudgment interest or statutory damages, and Minnesota Life asserted
that it was entitled to attorney’s fees for its interpleader counterclaim. In its order on
both parties’ cross-motions for summary judgment, the trial court took judicial notice
of the summary judgment evidence and found that (1) Minnesota Life’s interpleader
action was appropriate, (2) Minnesota Life was entitled to recover attorney’s fees
associated with its interpleader, (3) Clements was not entitled to recover damages
under article 21.55 of the Texas Insurance Code, and (4) Clements was not entitled
to recover prejudgment interest or attorney’s fees. 
Summary Judgment
          Both Clements and Minnesota Life appeal the trial court’s denial of the
motions for summary judgment. 
Standard of Review
          In a traditional summary judgment, the movant bears the burden of proof, and
all doubts concerning the existence of a genuine issue of fact must be resolved against
the movant. Tex. R. Civ. P. 166a(c); Roskey v. Tex. Health Facilities Comm’n, 639
S.W.2d 302, 303 (Tex. 1982). Once the movant proves a right to a summary
judgment, the burden shifts to the nonmovant to present evidence creating genuine
issues of material fact. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex.
1985).
          In a no-evidence summary judgment, the movant may, after sufficient time for
discovery, move for summary judgment if there is no evidence to support one or more
elements of a claim on which the nonmovant has the burden of proof at trial. Tex. R.
Civ. P. 166a(i); Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994
S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The motion must
state the elements to which there is no evidence and the reviewing court must grant
the motion unless the nonmovant produces summary judgment evidence raising a
genuine issue of material fact. Tex. R. Civ. P. 166a(i).
          When both sides move for summary judgment and the trial court grants one
motion and denies the other, we review the summary judgment proof presented by
both sides and determine all questions presented. Comm’rs Court v. Agan, 940
S.W.2d 77, 81 (Tex. 1997); Admiral Ins. Co. v. Trident NGL, Inc., 988 S.W.2d 451,
453 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). If we find error, we must
render the judgment the trial court should have entered. Agan, 940 S.W.2d at 81. 
Clements’s Appeal
          Statutory Damages
          In his second issue, Clements contends that the trial court abused its discretion
in failing to assess statutory damages against Minnesota Life under article 21.55 of
the Texas Insurance Code.  
          To maintain a claim under article 21.55, “a party must establish three elements:
(1) a claim under an insurance policy; (2) that the insurer is liable for the claim; and
(3) that the insurer has failed to follow one or more sections of article 21.55 with
respect to the claim.” Allstate Ins. Co. v. Bonner, 51 S.W.3d 289, 291 (Tex. 2001). 
If a party satisfies these elements, the insurer shall pay the beneficiary 18 percent per
annum of the amount of the claim as damages, in addition to the amount of the claim. 
Id. Article 21.55, section 3(f) of the Texas Insurance Code provides:
Except as otherwise provided, if an insurer delays payment of a claim
following its receipt of all items, statements, and forms reasonably
requested and required, as provided under Section 2 of this article, for
a period exceeding the period specified in other applicable statutes or,
in the absence of any other specified period, for more than 60 days, the
insurer shall pay damages and other items as provided for in Section 6
of this article.

Tex. Ins. Code Ann. art. 21.55, § 3 (Vernon Supp. 2004). Article 21.55, section six
provides:
In all cases where a claim is made pursuant to a policy of insurance and
the insurer liable therefore is not in compliance with the requirements
of this article, such insurer shall be liable to pay the holder of the policy,
or the beneficiary making a claim under the policy, in addition to the
amount of the claim, 18 percent per annum of the amount of such claim
as damages, together with reasonable attorney[’s] fees. If suit is filed,
such attorney[’s] fees shall be taxed as part of the costs in the case.
 
Tex. Ins. Code Ann. art. 21.55, § 6 (Vernon Supp. 2004). 
          We examine the three Bonner elements for recovery under the facts of this
case. First, it is undisputed that Clements made his claim pursuant to an insurance
policy. Second, upon receipt of proof of Terry’s death, Minnesota Life was liable for
the face value of the policy. However, Clements did not establish the third requisite
element, that Minnesota Life violated any section of article 21.55 by not paying
Clements’s claim.
          The trial court found that Minnesota Life complied with the requirements of
article 21.55, thus releasing Minnesota Life from paying damages. Specifically, the
trial court found that Minnesota Life (1) was faced with conflicting claims


 to the life
insurance policy proceeds, (2) promptly and in good faith admitted its liability to pay
the proceeds, and (3) filed its interpleader action and tendered the funds into the
registry of the trial court.


 In arriving at its conclusion, the trial court stated that it
considered that Minnesota Life’s interpleader action complied with the “safe harbor”
afforded by section 9.301(c) of the Texas Family Code.


 We agree.
          A stakeholder may interplead funds when it is the subject of conflicting claims
such that it is or may be exposed to double or multiple liability. See Tex. R. Civ. P.
43; Cable Communications Network, Inc. v. Aetna Cas. & Sur. Co., 838 S.W.2d 947,
950 (Tex. App.—Houston [14th Dist.] 1992, no writ). The purpose of interpleader
is to allow an innocent stakeholder facing rival claims to let the courts decide who is
entitled to the funds and, thus, avoid the peril of acting as judge and jury itself. 
Olmos, 857 S.W.2d at 741. A petitioner in interpleader must prove that he (1) is
subject to, or has reasonable grounds to anticipate, rival claims to the same funds; (2)
has not unreasonably delayed in filing the interpleader action; and (3) has
unconditionally tendered the funds into the registry of the trial court. Id. A party
faced with competing claims obtains a discharge of liability to the competing
claimants by interpleading the funds. Citizens Nat’l Bank of Emporia v. Socony
Mobil Oil Co., Inc., 372 S.W.2d 718, 722 (Tex. Civ. App.—Amarillo 1963, writ ref’d
n.r.e.).
          In its “Amended Order on Parties’ Cross-Motions for Summary Judgment,” the
trial court found that Minnesota Life’s interpleader action was appropriate and
specifically found that Minnesota Life (1) was subject to, or had reasonable grounds
to anticipate, rival claims to the life insurance policy proceeds; (2) did not
unreasonably delay in filing the interpleader action; and (3) had unconditionally
tendered the policy proceeds into the trial court. We agree.
          The record establishes that Minnesota Life met the elements of a proper
interpleader. See Olmos, 857 S.W.2d at 741. First, considering that Clements and
Terry were divorced at the time of Terry’s death, Minnesota Life had reasonable
grounds to anticipate rival claims to the proceeds. Second, Minnesota Life did not
delay unreasonably. On July, 25, 2001, Minnesota Life had formal notice of
Clements’s claim. On August 16, 2001, Minnesota Life informed Clements that,
because there was a potential for a conflicting claim regarding the interpretation of
section 9.301 of the Texas Family Code, its policy required filing an interpleader
action. On September 28, 2001, Minnesota Life filed its interpleader. Accordingly,
we hold that the trial court did not err when it found that Minnesota Life did not
unreasonably delay. Third, in filing its interpleader action, Minnesota Life
unconditionally tendered funds in the trial court’s registry and disclaimed any interest
in the proceeds. Accordingly, we hold that the trial court did not err in finding that
Minnesota Life complied with the requirements of article 21.55. 
          In support of his argument that such a damage award is mandatory in this case,
Clements relies on Marineau v. Gen. Am. Life Ins. Co., 898 S.W.2d 397 (Tex.
App.—Fort Worth 1995, writ denied). However, Marineau is easily distinguishable. 
Marineau held that an insurer’s good faith effort in denying a claim, by itself, was not
a defense to the action of the statute. Id. at 404. Here, Minnesota Life did not deny
its liability. Further, Marineau did not involve an interpleader action. Thus, the trial
court did not abuse its discretion in denying Clements article 21.55 damages.
          We overrule Clements’s second issue. 
          Prejudgment Interest
          In his first issue, Clements contends that the trial court erred in denying his
request for prejudgment interest. Clements asserts that, either under section 302.002
of the Texas Finance Code


 or pursuant to equitable principles, the trial court was
mandated to award prejudgment interest. Clements argues that the trial court
incorrectly relied on Greer v. Franklin Life Ins. Co., 221 S.W.2d 857 (Tex. 1949), in
its decision, and it gave no consideration to the Texas Finance Code or to principles
of equity when it refused to grant prejudgment interest. We disagree.
          We review a challenge to a trial court’s decision regarding prejudgment interest
using an abuse-of-discretion standard, giving limited deference to the trial court’s
application of the law to the facts. Purcell Constr., Inc. v. Welch, 17 S.W.3d 398, 402
(Tex. App.—Houston [1st Dist.] 2000, no pet.). Under this standard, we will not
disturb a trial court’s findings on factual issues unless the trial court reasonably could
have reached only one decision and it failed to do so. Walker v. Packer, 827 S.W.2d
833, 839–40 (Tex. 1992). However, “a trial court has no discretion in determining
what the law is or applying the law to the facts.” Id. at 840.
          A trial court “is permitted, but not required, to award prejudgment interest
under the authority of a statute . . . or under an equitable theory or both.” Larcon
Petroleum, Inc. v. Autotronic Sys., Inc., 576 S.W.2d 873, 879 (Tex. Civ.
App.—Houston [14th Dist.] 1979, no writ); see also Johnson & Higgins of Tex., Inc.
v. Kenneco Energy, Inc., 962 S.W.2d 507, 528 (Tex. 1998) (stating that two legal
sources for an award of prejudgment interest include general principles of equity and
an enabling statute).         
          Here, we cannot say that the trial court abused its discretion by not awarding
prejudgment interest to Clements under the Texas Finance Code section 302.002. 
Section 302.002 does not mandate an award of prejudgment interest where, as here,
a party does not prevail on a breach of contract cause of action or on any cause of
action it has asserted. See Tex. Fin. Code Ann. § 302.002. Likewise, we cannot
hold that, under the facts of this case, the trial court abused its discretion in not
awarding prejudgment interest to Clements under equitable principles. As explained
above, the trial court correctly found that, based on article 21.55 of the Texas
Insurance Code, Clements was not entitled to recover for his claim for damages. 
Accordingly, Clements brought an unmeritorious insurance code violation claim
against Minnesota Life. Thus, Clements has not shown entitlement to prejudgment
interest.
           Finally, we hold that, in support of its decision not to award prejudgment
interest to Clements, the trial court correctly relied on the holding in Greer. Greer
involved an interpleader action in a suit for insurance proceeds where the
complainant had intentionally killed her husband. 221 S.W.2d at 858. The Supreme
Court held that the insurer had appropriately interplead the funds, and the Court
refused to award, under a predecessor statute to article 21.55 of the Texas Insurance
Code, attorney’s fees, statutory penalties, or interest against the insurer. Id. at 861. 
          Clements asserts that Greer is inapplicable to the facts here because Greer
involved the predecessor statute to article 21.55 of the Texas Insurance Code. The
rationale behind its holding is applicable here: where an insurer timely interpleads
disputed funds and is found to have acted lawfully, the insured should not be
rewarded with attorney’s fees and interest for bringing an unmeritorious claim for
insurance code violations against the insurer. Accordingly, we hold that the trial
court did not abuse its discretion when it denied Clements’s motion for summary
judgment seeking prejudgment interest.
          We overrule Clements’s first issue. 
Minnesota Life’s Appeal
          Attorney’s Fees
          In its first issue, Minnesota Life contends that the trial court abused its
discretion in denying Minnesota Life attorney’s fees “for the successful defense of
an appeal of the final judgment.” Minnesota Life argues that, because the trial court
decided, within its discretion, to award attorney’s fees for filing the interpleader, it
abused its discretion by not awarding attorney’s fees for Minnesota Life’s appeal. We
disagree.
          We review a trial court’s award of appellate attorney’s fees under the abuse-of-discretion standard. In re Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998). The
trial court may, in its discretion, allow a fee to the attorney for an appeal; it is not
required to do so. See Schwartz v. Jacob, 394 S.W.2d 15, 20–21 (Tex. Civ.
App.—Houston, [1st Dist.] 1965, writ ref’d n.r.e.). Here, pursuant to its equitable
powers, the trial court awarded attorney’s fees for Minnesota Life’s interpleader. See
Northshore Bank v. Commercial Credit Corp., 668 S.W.2d 787, 790 (Tex. App.
Houston—[14th Dist.] 1984, writ. ref’d n.r.e.) (holding that an interpleader is an
equitable proceeding). Given the trial court’s analysis of the relationship between
and conduct of the parties in this case, the trial court did not abuse its discretion in
exercising its equitable powers to deny appellate attorney’s fees to Minnesota Life. 
Accordingly, we overrule Minnesota Life’s first issue.
          Ad Litem Fees
          In its second issue, Minnesota Life contends that the trial court abused its
discretion when it assessed ad litem fees against Minnesota Life. 
          The record reflects that, before this appeal, Minnesota Life did not object to the
trial court’s award of ad litem fees. Accordingly, Minnesota Life failed to preserve
error on this issue. See Tex. R. App. P. 33.1(a); Schlafly v. Schlafly, 33 S.W.3d 863,
868 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (When there is no objection
to or “motion filed aimed at the purported errors in awarding ad litem fees,” there is
no error preserved for appeal.).
          We overrule Minnesota Life’s second issue.
Conclusion
          We affirm the judgment of the trial court. 
 

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Hanks, and Higley.