Douglas CAESAR, Appellant,

v.

Thomas BOHACEK, Appellee.

No. 01–03–00643–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 15, 2004.

283

Harold L. Sosebee Jr., Kandi A. McAdams, David Black & Associates, Houston, TX, for Appellant.

Christopher C. Miller, Ronald Martin Weber, Davis and Davis, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and KEYES.

## OPINION

TERRY JENNINGS, Justice.

Appellant, Douglas Caesar (Caesar), challenges the trial court's judgment entered after a jury verdict awarding $4,000 in damages to appellee, Thomas Bohacek (Bohacek), on his claim for negligence. In two issues, Caesar contends that the trial court erred in (1) awarding attorney's fees and expenses to Bohacek pursuant to section 417.003 of the Texas Labor Code,[1] and (2) signing a judgment in favor of Bohacek. We affirm in part and reverse and render in part.

---

1. Tex. Lab.Code Ann. § 417.003 (Vernon 1996).

## Facts

On June 11, 1999, Bohacek, who was acting within the course and scope of his employment, was driving a car eastbound on the access road of Highway 290 in Houston. When Bohacek stopped at a traffic light, Caesar drove his car into the back of Bohacek's car. As a result, Bohacek's car was damaged and he sustained personal injuries. Bohacek subsequently filed a workers' compensation claim with Reliance National Indemnity Company (Reliance). Reliance accepted Bohacek's claim and paid him a total of $14,747 in worker's compensation benefits.

On June 7, 2001, Bohacek filed this lawsuit against Caesar. In August 2001, Reliance intervened in the suit and asserted its statutory subrogation right to be reimbursed for the benefits it had paid to Bohacek from any recovery obtained from Caesar.[2]

On August 27, 2001, Reliance settled with Caesar and his insurer, State Farm Mutual Automobile Insurance Company (State Farm). Under the terms of the settlement, State Farm paid Reliance $5,500 on Caesar's behalf, and, in consideration thereof, Reliance partially assigned its statutory subrogation lien to Caesar and to State Farm. Reliance subsequently non-suited its claims against Caesar, and the case proceeded to trial.

The jury found Caesar negligent, and it awarded Bohacek $4,000 in damages. In its final judgment, the trial court awarded Bohacek the amount of damages found by the jury, plus pre- and post-judgment interest, "subject to" the lien assigned to Caesar and State Farm. Thus, Bohacek's net recovery of damages was zero. Nevertheless, the trial court also awarded Bohacek his reasonable attorney's fees of $1,333.33 and expenses of $3,211.21 "out of the subrogation recovery, if any, of [Caesar] and [State Farm] as holders of [Reliance's] subrogation interest pursuant to Tex. Lab.Code § 417.003."

## Attorney's Fees and Litigation Expenses

■ In his first issue, Caesar argues that the trial court erred in awarding Bohacek his attorney's fees and expenses because "[t]here is no provision in [s]ection 417.003 or any other statute that allows a trial court to award attorney's fees or litigation expenses against a third-party tortfeasor in a negligence case."

■ We review a trial court's award of attorney's fees for an abuse of discretion. *Twin City Fire Ins. Co. v. Jones,* 834 S.W.2d 114, 116 (Tex.App.-Houston [1st Dist.] 1992, writ denied). A trial court abuses its discretion only when it acts in an unreasonable and arbitrary manner or when it acts without reference to any guiding rules or principles. *Standard Constructors, Inc. v. Chevron Chem. Co.,* 101 S.W.3d 619, 626 (Tex.App.-Houston [1st Dist.] 2003, pet. denied).

■ In Texas, attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or by contract between the parties. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex.1992). The authorization of attorney's fees in civil cases may not be inferred; rather, it must be provided for by the express terms of the statute in question. *First City Bank–Farmers Branch, Tex. v. Guex,* 677 S.W.2d 25, 30 (Tex.1984).

---

**2.** *See id.* § 417.002(a) (Vernon 1996) ("the net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury.").

Here, the trial court awarded Bohacek his attorney's fees and expenses "pursuant" to section 417.003 of the Labor Code. Although the trial court did not cite to a specific subsection of 417.003, subsection (a) is the only subsection that allows a claimant to recover both attorney's fees and expenses.[3] *See* TEX. LAB.CODE ANN. § 417.003(a) (Vernon 1996). Section 417.003(a) provides as follows:

(a) An insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant in the amount agreed on between the attorney and the insurance carrier. In the absence of an agreement, the court shall award to the attorney payable out of the insurance carrier's recovery:

(1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and

(2) a proportionate share of expenses.

*Id.* By enacting section 417.003, the legislature intended to compensate claimants who perform work for the benefit of a subrogated insurance carrier and to prohibit the worker's compensation carrier from obtaining a "free ride" from the efforts of the claimant's attorney. *See Prewitt and Sampson v. City of Dallas,* 713 S.W.2d 720, 723 (Tex.App.-Dallas 1986, writ ref'd n.r.e.).

Caesar asserts that, because he was a third-party tortfeasor and not an insurance carrier, the trial court could not order him to pay Bohacek's attorney's fees or litigation expenses under section 417.003(a).

An "insurance carrier" is defined as: (a) an insurance company, (b) a certified self-insurer for workers' compensation insurance, or (c) a governmental entity that self-insures, either individually or collectively. TEX. LAB.CODE ANN. § 401.011(27) (Vernon Supp.2004). An "insurance company" is defined as "a person authorized and admitted by the Texas Department of Insurance to do insurance business in this state under a certificate of authority that includes authorization to write workers' compensation insurance." *Id.* § 401.011(28) (Vernon Supp.2004). Caesar was neither an insurance company, nor a certified self-insurer, nor a governmental entity; he was a third-party tortfeasor. Accordingly, because section 417.003(a) only provides for a claimant to recover attorney's fees and expenses from an insurance carrier, Caesar was not statutorily obligated to pay Bohacek's attorney's fees and expenses.

Moreover, Reliance, the only party to the litigation that met the Labor Code's definition of insurance carrier, was "actively represented" by its own attorney, C. Marcy Unkauf (Unkauf), in this case. Unkauf filed Reliance's petition in intervention, its designation of expert witnesses, and its affidavit and accompanying business records establishing the amount of workers' compensation benefits that it had paid to Bohacek. Additionally, Unkauf negotiated the settlement with Caesar and State Farm and filed a copy of the settlement agreement with the trial court. Reliance did not obtain a "free ride" from Bohacek and his attorneys, and Bohacek would not have been entitled to recover his attorney's fees and expenses from Reliance under section 417.003(a).

---

3. Both parties argued that, alternatively, the trial court might have awarded Bohacek his attorney's fees and expenses pursuant to section 417.003(c). However, subsection (c) does not provide for a claimant to recover litigation expenses from an insurance carrier. *See* TEX. LAB.CODE ANN. § 417.003(c).

Accordingly, we hold that the trial court erred in ordering Caesar to pay Bohacek his attorney's fees and expenses.

We sustain Caesar's first issue.

### Final Judgment

 In his second issue, Caesar argues that the trial court erred in signing a final judgment in favor of Bohacek because, "when the subrogation lien [was] properly applied to the damages awarded [by the jury], Bohacek recover[ed] nothing from Caesar" and "Caesar was the prevailing party." Moreover, Caesar asserts that, because he was the prevailing party, he was entitled to recover his court costs from Bohacek.

Texas Rule of Civil Procedure 131 provides that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except when otherwise provided." TEX.R. CIV. P. 131. A determination of whether a party is the prevailing or successful party must be based upon success on the merits, and not on whether damages were awarded. *Johns v. Ram–Forwarding, Inc.*, 29 S.W.3d 635, 638 (Tex. App.-Houston [1st Dist.] 2000, no pet.).

Here, Bohacek was the successful party because the jury found Caesar negligent and awarded Bohacek $4,000 in damages. It is immaterial that the trial court, in its final judgment, found that the jury's damage award was completely offset by the subrogation lien held by Caesar and State Farm. Accordingly, we hold that the trial court did not err in signing a judgment in favor of Bohacek and that Caesar was therefore not entitled to recover his court costs.

We overrule Caesar's second issue.

### Conclusion

We reverse that portion of the trial court's judgment awarding Bohacek his reasonable attorney's fees and expenses in the amounts of $1,333.33 and $3,211.21, respectively, as well as pre- and post-judgment interest on those amounts, and we render judgment that Bohacek, as the successful party, recover only his taxable court costs from Caesar.