NO.
12-05-00421-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

ELAINE
MASPERO,           §                      APPEAL FROM THE 369TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

SAFECO LLOYDS INSURANCE COMPANY, 

APPELLEE  §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                          
 

MEMORANDUM
OPINION

             Elaine Maspero appeals the trial court’s final
judgment in a lawsuit she brought against Safeco Lloyds Insurance Company for
underinsured motorist benefits.  In one
issue, Maspero argues that the trial court erred by granting Safeco an
offset.  We affirm.

 

Background

            On November 8, 1999, Maspero was
involved in an automobile wreck caused by the negligent conduct of another
driver.  At the time of the wreck,
Maspero was covered by an underinsured motorist policy issued by Safeco.  After reaching a settlement with the other
driver,[1]
Maspero sued Safeco Lloyds Insurance Company for underinsured motorist benefits
related to the wreck.  

            The jury found that Maspero’s total
damages resulting from the wreck were in the amount of $17,128.00.  Because this amount was less than the amount
Maspero received in settlement from the other driver, Safeco moved for the
trial court to enter a take nothing judgment. 
Maspero objected and sought a judgment awarding her the full amount
found by the jury, alleging that Safeco had failed to plead and prove it was
entitled to an offset.  The trial court
entered a take nothing judgment.  Maspero
filed a motion for new trial, which was denied. 
This appeal followed.

 

Review of Final Judgments

            In her sole issue, Maspero contends
that Safeco was not entitled to an offset because Safeco allegedly failed to
properly plead and prove it was entitled to one.  Maspero cites Brown v. American Transfer
& Storage Co., 601 S.W.2d 931, 936 (Tex. 1980), for the proposition
that the right to offset is an affirmative defense, which must be pleaded and
proved by the party asserting the defense. 
Safeco asserts in reply that Maspero failed to present evidence that the
tortfeasor who caused the wreck was actually underinsured, a required element
of an underinsured motorist claim. 
Therefore, Safeco argues, Maspero was not entitled to any damages under
the law, and Safeco did not need to plead and prove offset.

            According to Maspero, the trial
court’s judgment is predicated on an incorrect conclusion of law that Safeco
was entitled to an offset.  We review a
trial court’s conclusions of law de novo. Smith v. Smith, 22
S.W.3d 140, 149 (Tex. App.–Houston [14th Dist.] 2000, no pet.).  When performing a de novo review, we exercise
our own judgment and redetermine each legal issue.  Quick v. City of Austin, 7
S.W.3d 109, 116 (Tex. 1998).  We will
uphold conclusions of law on appeal if the judgment can be sustained on any
legal theory the evidence supports.  Waggoner
v. Morrow, 932 S.W.2d 627, 631 (Tex. App.–Houston [14th Dist.] 1996, no
writ). 

            It is a plaintiff’s burden in an
underinsured motorist claim to prove (1) that an insurance contract existed
under which she had underinsured motorist coverage, (2) that her damages are
covered damages, (3) that these damages were proximately caused by the
negligent act or omission of another driver, (4) that the negligent driver was
underinsured, and (5) that all other applicable policy provisions have been
satisfied.  See Allstate Ins. Co.
v. Bonner, 51 S.W.3d 289, 291-92 (Tex. 2001).  Therefore, it was Maspero’s burden to put on
evidence to support each of these elements at trial.  See id.  

            At trial, Safeco stipulated that an
underinsured motorist policy was in force at the time of the wreck and that the
negligent acts of the other driver proximately caused the wreck.  Maspero put on evidence regarding her
damages, including evidence linking these damages to the wreck.  Maspero did not, however, put on any evidence
to prove that the other driver was underinsured or that all other applicable
policy provisions had been satisfied.  

            Maspero was not entitled to a
judgement against Safeco because Maspero did not supply any evidence addressing
two essential elements of her case.  See
id.  As such, the trial court’s
judgment is supported by a correct legal theory.  See id.  We overrule Maspero’s sole issue. 

 

Disposition

We
affirm the trial court’s judgment.

 

 

                                                                                                     BRIAN HOYLE    

                                                                                                              Justice

 

 

Opinion delivered March 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                

 

 

 

 

 

(PUBLISH)











[1] Maspero settled her tort claim against the other driver for $20,000.00.