COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-004-CV

STATE FARM MUTUAL AUTOMOBILE APPELLANT

INSURANCE COMPANY 

V.

JOHNNY SMITH APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant State Farm Mutual Automobile Insurance Company appeals from an award of costs to Appellee Johnny Smith.  In three issues, State Farm argues that it was the “prevailing party” in the underlying suit as defined by Texas Rule of Civil Procedure 131 and 
Allstate Ins. Co. v. Bonner
,
(footnote: 2) the award of costs against it violated the standards of Rule 131 and 
Bonner
, and the trial court’s failure to award costs in its favor violated the standards set forth in Rule 131 and 
Bonner
.  Because we hold that the record on appeal does not show that the trial court abused its discretion by awarding costs for Smith and against State Farm, we affirm.

Facts
 
and Procedural History

Smith was a passenger in a truck driven by State Farm’s insured when the truck was involved in a collision with a van.  State Farm paid Smith, who was injured in the collision, $3,304.75 pursuant to the truck driver’s personal injury protection (“PIP”) coverage.  Smith then made a request for uninsured motorist (“UM”) benefits.  The record does not reflect State Farm’s response, but presumably the claim was denied because Smith subsequently sued the uninsured driver of the van and the van’s uninsured owner on negligence grounds, joining State Farm as the uninsured motorist carrier for the truck.  In its answer, State Farm asked for an offset or credit for the amount already paid to Smith against any damages to be awarded in the trial.  The van’s driver and owner failed to appear, and the jury found the van’s driver negligent and awarded Smith $487.71 in past medical expenses.  The trial court awarded Smith pre-judgment interest, for a total recovery of $593.79.

State Farm moved for judgment on the verdict.  It argued that because Smith proved less in damages than State Farm had already paid him pursuant to the truck driver’s PIP coverage, Smith had not established a claim under the terms of the policy.  The trial court granted State Farm’s request for an offset, and because the money paid by State Farm prior to litigation was greater than the jury award, the trial court found that the judgment for Smith had been paid. The trial court’s judgment ordered, however, that Smith recover his court costs from State Farm.  State Farm filed a motion for reconsideration of the judgment on the verdict.  The trial court held a hearing on the motion and subsequently entered a modified judgment, still ordering State Farm to pay Smith’s costs and excepting the amount of costs from the offset.  State Farm now appeals.

Standard of Review

We review for abuse of discretion a trial court’s assessment of costs.
(footnote: 3)  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.
(footnote: 4)  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.
(footnote: 5)
Analysis

State Farm argues in three issues that it was the successful party at trial and therefore the trial court erred by awarding costs to Smith and by failing to award costs to State Farm.  The Texas Rules of Civil Procedure provide that ordinarily the successful party in a civil suit shall recover its costs but that the trial court can award costs otherwise for good cause stated on the record.
(footnote: 6)  Thus, in order to recover costs, either Smith had to be the successful party at trial, or the trial court had to have determined and stated on the record that, even though he was not the successful party, good cause existed for Smith to be awarded costs.

We begin our analysis with State Farm’s first issue, under which it argues that it was the successful party at trial.  A “successful party” is one who obtains a judgment of a competent court vindicating a civil claim of right.
(footnote: 7)  We determine which party is the prevailing or successful party “based upon success on the merits, and not on whether damages were awarded.”
(footnote: 8)
 State Farm points to 
Bonner
 to support its argument that it successfully defended against Smith’s claim and therefore was the successful party.  In that case, the plaintiff Bonner sued Allstate seeking UM benefits and also to recover damages, attorney’s fees, and costs because Allstate had not timely acknowledge receipt of her UM claim.
(footnote: 9)  In order to show that by not acknowledging receipt of her demand, Allstate had failed to comply with the applicable statute, Bonner had to first show that she had a claim for which Allstate was liable.
(footnote: 10)  The damages awarded to her at trial were less than the amount Allstate had already paid her under her PIP coverage, and because the policy contained a nonduplication-of-benefits provision, the trial court rendered judgment that Bonner take nothing.
(footnote: 11)  The court of appeals affirmed the judgment but assessed costs for the trial and appeal against Allstate.
(footnote: 12)  On review, the Texas Supreme Court noted that because of the nonduplication-of-benefits provision of the policy, Bonner was entitled to UM benefits only if her UM damages exceeded those damages “paid or payable” under the policy’s PIP coverage.
(footnote: 13)  Noting that  this type of policy provision is valid and enforceable, the court held that it constitutes a policy defense
(footnote: 14) and that, under the terms of her policy, Allstate was thus not liable to Bonner on her UM claims.
(footnote: 15) In contrast, in the instant case we do not know if the policy at issue entitles Smith to UM benefits if and only if his UM damages exceeded those damages already paid under the policy’s PIP coverage.  Although the record shows that State Farm repeatedly argued it had a contractual defense of offset, and in the hearing on the motion for reconsideration, State Farm characterized Smith’s action of filing suit as “suing contractually to determine if [he] had a contractual right to recover,” no copy of the policy appears in the record.  No reporter’s record from the trial was submitted on appeal; the appellate record contains only the record from the hearing on State Farm’s motion to reconsider, at which no mention is made of the policy at issue (other than to argue that Smith’s claim sounded in contract) or a nonduplication-of-benefits provision. Our review of case law reveals that, in actions on an insurance contract, the contract (or any relevant provision of the contract) is almost always made a part of the record, which accords with the truism that one cannot determine the character of an insurance policy or whether the insurance contract has been breached without considering the policy’s terms.
(footnote: 16)  This idea finds support in the cases we have found in which relevant provisions of the insurance contract were not found in the record.
(footnote: 17)  In Texas, a plaintiff seeking recovery under an insurance policy must prove those provisions of the policy that allow recovery, and the insurer must plead and prove “any contractual provisions that could limit or bar recovery.”
(footnote: 18)  We cannot say from the record whether the relevant portions of the insurance policy were proved at trial.  Thus, we cannot determine whether the trial court concluded (or if it erred by concluding) that despite State Farm’s prior PIP payments to Smith, Smith was the successful party at trial.  We therefore overrule State Farm’s first issue.
(footnote: 19)
 In State Farm’s second and third issues, it argues that the award of costs against it and to Smith was in violation of Texas Civil Procedure Rule 131 and 
Bonner
.  State Farm argues under these issues that it was the successful party at trial and, in arguing that Smith should not have been awarded costs, further adds that the trial court did not meet the “good cause” exception provided in Texas Rule of Civil Procedure 141.  In its brief, State Farm “submits that nowhere in the Reporter’s Record that encompasses the hearing where costs were discussed, nor in the complete Clerk’s Record, is there any showing of good cause to vary from the requirement of Rule 131.”  Again, the only portion of the reporter’s record included in the appellate record is from the hearing on State Farm’s motion for reconsideration.  Without the rest of the record, we cannot determine whether the trial court’s award of costs against State Farm or its failure to award costs in favor of State Farm was a violation of Texas Civil Procedure Rule 131 or the Texas Supreme Court’s holding in 
Bonner
.  Nor can we determine whether the trial court found that Smith was not the successful party but that good cause existed to award costs to him, or if the trial court so stated on the record.
(footnote: 20)  We overrule State Farm’s second and third issues.

Conclusion

Having overruled all of State Farm’s issues, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  July 12, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
51 S.W.3d 289 (Tex. 2001).

3:
Rogers v. Walmart Stores
,
 Inc.
, 686 S.W.2d 599, 601 (Tex. 1985); 
Ray v. McFarland
, 97 S.W.3d 728, 730 (Tex. App.—Fort Worth 2003, no pet.).

4:
Downer v. Aquamarine Operators
,
 Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

5:
Id.

6:
Tex. R. Civ. P.
 131,
 141.

7:
Mixon v. Nat’l Union Fire Ins. Co. of Pittsburgh
,
 Pa.
, 806 S.W.2d 332, 335 (Tex. App.—Fort Worth 1991, writ denied).

8:
Caesar v. Bohacek
, 176 S.W.3d 282, 286 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

9:
Bonner
, 51 S.W.3d at 290.

10:
Id.
 at 291-92.

11:
Id.

12:
Id.
 at 290-91.

13:
Id.
 at 291-92.

14:
Id.
 at 292.

15:
Id.

16:
See SMI Realty Mgmt. Corp. v. Underwriters at Lloyd's
,
 London
, 179 S.W.3d 619, 624 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (noting that insurance polices are interpreted according to the rules of contract construction, and that to give effect to the parties’ intent courts construe the terms of the contract as a whole and consider all of its terms); 
CMS Partners
,
 Ltd. v. Plumrose USA
,
 Inc
., 101 S.W.3d 730, 733 (Tex. App.—Texarkana 2003, no pet.) (stating that the parties’ intention is determined by the contract’s written terms); 
see also Gen. Am. Indem. Co. v. Pepper
, 161 Tex. 263, 265, 339 S.W.2d 660, 661 (Tex. 1960) (stating that a court may not revise an agreement, including an insurance policy, while professing to construe it).

17:
See
 
e.g.
,
 Houston Fire & Cas. Ins. Co. v. Nichols
, 435 S.W.2d 140, 142 (Tex. 1968) (holding that the court of appeals erred by holding that a binder issued by insurer was a valued contract because, among other reasons, the binder was subject to the terms and conditions of the Texas Standard Fire Policy, which did not appear in the record); 
Curlee Mfg. Co.
,
 Inc. v. Charter Oak Fire Ins. Co.
,
 Inc.
, No. B14-92-01298-CV, 1994 WL 222215, at *6 (Tex. App.—Houston [14th Dist.] May 26, 1994, writ denied) (not designated for publication) (op. on reh’g) (holding that because the entire policy was not in the record, the trial court erred by granting summary judgment on the appellant’s right to recover under the insurance contract); 
Miller v. Head
, 283 S.W. 886, 887 (Tex. Civ. App.—Eastland 1926, no writ) (reversing a judgment for breach of contract on an insurance policy where the statement of facts showed neither the policy nor the substance thereof); 
but see Bennett v. Bank United
, 114 S.W.3d 75, 84 (Tex. App.—Austin 2003, no pet.) (holding that the appellant was not an intended beneficiary of an insurance contract, noting that although the insurance contract was not in the record, no party alleged that the contract clearly spelled out a direct benefit to the appellant)
, and Highlands Ins. Co. v. New England Ins. Co.
, 811 S.W.2d 272, 275 (Tex. App.—San Antonio 1991, no writ) (holding in a case involving subrogration rights that, although an endorsement of the policy at issue incorporated another policy that did not appear in the record, the court could nevertheless interpret the policy at issue to determine the arguments on appeal because the incorporated provisions were relevant only to scope of coverage, which was not involved in the case).  

18:
Tex. Farmers Ins. Co. v. Murphy
, 996 S.W.2d 873, 879 (Tex. 1999). 

19:
See Johnson v. Walker
, 824 S.W.2d 184, 186 (Tex. App.—Fort Worth 1991, writ denied) (stating the rule that “[a]n appellant has the burden to bring forward a record sufficient to show that the judgment below is erroneous), 
and
  
Forestpark Enter.
,
 Inc. v. Culpepper
, 754 S.W.2d 775, 778 (Tex. App.—Fort Worth 1988, writ denied); 
see also Willms v. Americas Tire Co.
,
 Inc.
, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) (holding that “without a reporter's record, an appellate court cannot review a trial court's order for an abuse of discretion” and that “when an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order”).

20:
Feldman v. Marks
, 960 S.W.2d 613, 614 (Tex. 1996) (stating that “[i]f an appellant fails to present a complete statement of facts on appeal, the appellate court must presume that the omitted portions are relevant and support the trial court’s judgment”).