COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-004-CV

 

 

STATE FARM MUTUAL AUTOMOBILE                                     APPELLANT

INSURANCE
COMPANY                                                                        

 

                                                   V.

 

JOHNNY SMITH                                                                     APPELLEE

 

                                              ------------

 

           FROM THE 153RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant State Farm Mutual Automobile Insurance
Company appeals from an award of costs to Appellee Johnny Smith.  In three issues, State Farm argues that it
was the Aprevailing
party@ in the
underlying suit as defined by Texas Rule of Civil Procedure 131 and Allstate
Ins. Co. v. Bonner,[2]
the award of costs against it violated the standards of Rule 131 and Bonner,
and the trial court=s failure to award costs in its
favor violated the standards set forth in Rule 131 and Bonner.  Because we hold that the record on appeal
does not show that the trial court abused its discretion by awarding costs for
Smith and against State Farm, we affirm.

Facts and Procedural History

Smith was a passenger in a truck driven by State
Farm=s
insured when the truck was involved in a collision with a van.  State Farm paid Smith, who was injured in the
collision, $3,304.75 pursuant to the truck driver=s
personal injury protection (APIP@)
coverage.  Smith then made a request for
uninsured motorist (AUM@)
benefits.  The record does not reflect
State Farm=s response, but presumably the
claim was denied because Smith subsequently sued the uninsured driver of the
van and the van=s uninsured owner on negligence
grounds, joining State Farm as the uninsured motorist carrier for the
truck.  In its answer, State Farm asked
for an offset or credit for the amount already paid to Smith against any
damages to be awarded in the trial.  The
van=s driver
and owner failed to appear, and the jury found the van=s driver
negligent and awarded Smith $487.71 in past medical expenses.  The trial court awarded Smith pre-judgment
interest, for a total recovery of $593.79.








State Farm moved for judgment on the
verdict.  It argued that because Smith
proved less in damages than State Farm had already paid him pursuant to the
truck driver=s PIP coverage, Smith had not
established a claim under the terms of the policy.  The trial court granted State Farm=s
request for an offset, and because the money paid by State Farm prior to
litigation was greater than the jury award, the trial court found that the
judgment for Smith had been paid. The trial court=s
judgment ordered, however, that Smith recover his court costs from State
Farm.  State Farm filed a motion for
reconsideration of the judgment on the verdict. 
The trial court held a hearing on the motion and subsequently entered a
modified judgment, still ordering State Farm to pay Smith=s costs
and excepting the amount of costs from the offset.  State Farm now appeals.

Standard of Review








We review for abuse of discretion a trial court=s
assessment of costs.[3]  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.[4]  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court
would in a similar circumstance does not demonstrate that an abuse of discretion
has occurred.[5]

Analysis

State Farm argues in three issues that it was the
successful party at trial and therefore the trial court erred by awarding costs
to Smith and by failing to award costs to State Farm.  The Texas Rules of Civil Procedure provide
that ordinarily the successful party in a civil suit shall recover its costs
but that the trial court can award costs otherwise for good cause stated on the
record.[6]  Thus, in order to recover costs, either Smith
had to be the successful party at trial, or the trial court had to have
determined and stated on the record that, even though he was not the successful
party, good cause existed for Smith to be awarded costs.








We begin our analysis with State Farm=s first
issue, under which it argues that it was the successful party at trial.  A Asuccessful
party@ is one
who obtains a judgment of a competent court vindicating a civil claim of right.[7]  We determine which party is the prevailing or
successful party Abased upon success on the
merits, and not on whether damages were awarded.@[8]























State Farm points to Bonner to support its
argument that it successfully defended against Smith=s claim
and therefore was the successful party. 
In that case, the plaintiff Bonner sued Allstate seeking UM benefits and
also to recover damages, attorney=s fees,
and costs because Allstate had not timely acknowledge receipt of her UM claim.[9]  In order to show that by not acknowledging
receipt of her demand, Allstate had failed to comply with the applicable
statute, Bonner had to first show that she had a claim for which Allstate was
liable.[10]  The damages awarded to her at trial were less
than the amount Allstate had already paid her under her PIP coverage, and
because the policy contained a nonduplication-of-benefits provision, the trial
court rendered judgment that Bonner take nothing.[11]  The court of appeals affirmed the judgment
but assessed costs for the trial and appeal against Allstate.[12]  On review, the Texas Supreme Court noted that
because of the nonduplication-of-benefits provision of the policy, Bonner was
entitled to UM benefits only if her UM damages exceeded those damages Apaid or
payable@ under
the policy=s PIP coverage.[13]  Noting that 
this type of policy provision is valid and enforceable, the court held
that it constitutes a policy defense[14]
and that, under the terms of her policy, Allstate was thus not liable to Bonner
on her UM claims.[15]     In contrast, in the instant case we do not
know if the policy at issue entitles Smith to UM benefits if and only if his UM
damages exceeded those damages already paid under the policy=s PIP
coverage.  Although the record shows that
State Farm repeatedly argued it had a contractual defense of offset, and in the
hearing on the motion for reconsideration, State Farm characterized Smith=s action
of filing suit as Asuing contractually to determine
if [he] had a contractual right to recover,@ no copy
of the policy appears in the record.  No
reporter=s record
from the trial was submitted on appeal; the appellate record contains only the
record from the hearing on State Farm=s motion
to reconsider, at which no mention is made of the policy at issue (other than
to argue that Smith=s claim sounded in contract) or
a nonduplication-of-benefits provision.     Our
review of case law reveals that, in actions on an insurance contract, the
contract (or any relevant provision of the contract) is almost always made a
part of the record, which accords with the truism that one cannot determine the
character of an insurance policy or whether the insurance contract has been
breached without considering the policy=s terms.[16]  This idea finds support in the cases we have
found in which relevant provisions of the insurance contract were not found in
the record.[17]  In Texas, a plaintiff seeking recovery under
an insurance policy must prove those provisions of the policy that allow
recovery, and the insurer must plead and prove Aany
contractual provisions that could limit or bar recovery.@[18]  We cannot say from the record whether the
relevant portions of the insurance policy were proved at trial.  Thus, we cannot determine whether the trial
court concluded (or if it erred by concluding) that despite State Farm=s prior
PIP payments to Smith, Smith was the successful party at trial.  We therefore overrule State Farm=s first
issue.[19]








In State Farm=s second
and third issues, it argues that the award of costs against it and to Smith was
in violation of Texas Civil Procedure Rule 131 and Bonner.  State Farm argues under these issues that it
was the successful party at trial and, in arguing that Smith should not have been
awarded costs, further adds that the trial court did not meet the Agood
cause@
exception provided in Texas Rule of Civil Procedure 141.  In its brief, State Farm Asubmits
that nowhere in the Reporter=s Record
that encompasses the hearing where costs were discussed, nor in the complete
Clerk=s
Record, is there any showing of good cause to vary from the requirement of Rule
131.@  Again, the only portion of the reporter=s record
included in the appellate record is from the hearing on State Farm=s motion
for reconsideration.  Without the rest of
the record, we cannot determine whether the trial court=s award
of costs against State Farm or its failure to award costs in favor of State
Farm was a violation of Texas Civil Procedure Rule 131 or the Texas Supreme
Court=s
holding in Bonner.  Nor can we
determine whether the trial court found that Smith was not the successful party
but that good cause existed to award costs to him, or if the trial court so
stated on the record.[20]  We overrule State Farm=s second
and third issues.

Conclusion

Having overruled all of State Farm=s
issues, we affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  July 12, 2007











[1]See Tex. R. App. P.
47.4.





[2]51 S.W.3d 289 (Tex. 2001).





[3]Rogers v. Walmart Stores, Inc., 686 S.W.2d 599, 601 (Tex. 1985); Ray
v. McFarland, 97 S.W.3d 728, 730 (Tex. App.CFort Worth 2003, no pet.).





[4]Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).





[5]Id.





[6]Tex. R. Civ. P. 131, 141.





[7]Mixon v. Nat=l Union Fire Ins. Co. of Pittsburgh, Pa., 806 S.W.2d 332, 335 (Tex. App.CFort
Worth 1991, writ denied).





[8]Caesar v. Bohacek, 176 S.W.3d 282, 286 (Tex. App.CHouston [1st Dist.] 2004, no pet.).





[9]Bonner, 51
S.W.3d at 290.





[10]Id. at
291-92.





[11]Id.





[12]Id. at
290-91.





[13]Id. at
291-92.





[14]Id. at 292.





[15]Id.





[16]See SMI Realty Mgmt. Corp. v. Underwriters at Lloyd's, London, 179 S.W.3d 619, 624 (Tex. App.CHouston
[1st Dist.] 2005, pet. denied) (noting that insurance polices are interpreted
according to the rules of contract construction, and that to give effect to the
parties= intent courts construe the terms of the contract as a
whole and consider all of its terms); CMS Partners, Ltd. v. Plumrose
USA, Inc., 101 S.W.3d 730, 733 (Tex. App.CTexarkana
2003, no pet.) (stating that the parties= intention is determined by the contract=s
written terms); see also Gen. Am. Indem. Co. v. Pepper, 161 Tex. 263,
265, 339 S.W.2d 660, 661 (Tex. 1960) (stating that a court may not revise an
agreement, including an insurance policy, while professing to construe it).





[17]See e.g.,
Houston Fire & Cas. Ins. Co. v. Nichols, 435 S.W.2d 140, 142 (Tex.
1968) (holding that the court of appeals erred by holding that a binder issued
by insurer was a valued contract because, among other reasons, the binder was
subject to the terms and conditions of the Texas Standard Fire Policy, which
did not appear in the record); Curlee Mfg. Co., Inc. v. Charter Oak
Fire Ins. Co., Inc., No. B14‑92‑01298‑CV, 1994 WL
222215, at *6 (Tex. App.CHouston [14th Dist.] May 26, 1994, writ denied) (not
designated for publication) (op. on reh=g) (holding that because the entire policy was not in
the record, the trial court erred by granting summary judgment on the appellant=s right
to recover under the insurance contract); Miller v. Head, 283 S.W. 886,
887 (Tex. Civ. App.CEastland 1926, no writ) (reversing a judgment for
breach of contract on an insurance policy where the statement of facts showed
neither the policy nor the substance thereof); but see Bennett v. Bank
United, 114 S.W.3d 75, 84 (Tex. App.CAustin 2003, no pet.) (holding that the appellant was
not an intended beneficiary of an insurance contract, noting that although the
insurance contract was not in the record, no party alleged that the contract
clearly spelled out a direct benefit to the appellant), and Highlands Ins.
Co. v. New England Ins. Co., 811 S.W.2d 272, 275 (Tex. App.CSan
Antonio 1991, no writ) (holding in a case involving subrogration rights that,
although an endorsement of the policy at issue incorporated another policy that
did not appear in the record, the court could nevertheless interpret the policy
at issue to determine the arguments on appeal because the incorporated
provisions were relevant only to scope of coverage, which was not involved in
the case).  





[18]Tex. Farmers Ins. Co. v. Murphy, 996 S.W.2d 873, 879 (Tex. 1999). 





[19]See Johnson v. Walker, 824 S.W.2d 184, 186 (Tex. App.CFort
Worth 1991, writ denied) (stating the rule that A[a]n appellant has the burden to bring forward a
record sufficient to show that the judgment below is erroneous), and  Forestpark Enter., Inc. v.
Culpepper, 754 S.W.2d 775, 778 (Tex. App.CFort Worth 1988, writ denied); see also Willms v.
Americas Tire Co., Inc., 190 S.W.3d 796, 803 (Tex. App.CDallas
2006, pet. denied) (holding that Awithout a reporter's record, an appellate court cannot
review a trial court's order for an abuse of discretion@ and
that Awhen an appellant fails to bring a reporter's record,
an appellate court must presume the evidence presented was sufficient to
support the trial court's order@).





[20]Feldman v. Marks, 960 S.W.2d 613, 614 (Tex. 1996) (stating that A[i]f an
appellant fails to present a complete statement of facts on appeal, the
appellate court must presume that the omitted portions are relevant and support
the trial court=s judgment@).