Robert D. CLEMENTS, Jr., Appellant,

v.

**MINNESOTA LIFE INSURANCE COMPANY, Appellee.**

Minnesota Life Insurance
Company, Appellant,

v.

Robert D. Clements, Jr., Appellee.

No. 01–03–00464–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 8, 2004.

Otto D. Hewitt, III, Hewitt Law Firm, Alvin, TX, for Appellant.

Stephen Dale Howen, Dallas, TX, for Appellee.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

GEORGE C. HANKS, JR., Justice.

■ Appellant, Robert D. Clements, Jr. (Clements), sued appellee, Minnesota Life Insurance Company, in an action for the proceeds of his ex-wife's, Terry T. Clements's (Terry's), life insurance policy. Clements sought statutory damages under the Texas Insurance Code, and, among other things, prejudgment interest. In its final judgment, the trial court awarded $158,731.41 from policy funds and $17,900 in remaining funds to Clements and $2,100 to Minnesota Life for attorney's fees incurred to effectuate its interpleader.[1] The trial court ordered that Clements create a trust fund for Clements's and Terry's daughter, Kelse Layne Clements (KLC), contribute to the trust a sum of money each year sufficient to purchase a $500,000, 15–year term life insurance policy for KLC, and pay all premiums on the policy. It also ordered that Clements place $10,000 in the Putnam College Advantage Program for the purpose of assisting KLC with college expenses. It further ordered that Minnesota Life pay $4,000 in ad litem fees.

In two issues, Clements contends that the trial court erred in denying (1) statutory damages against Minnesota Life and (2) Clements's prejudgment interest. We affirm.

In two issues, Minnesota Life contends that the trial court abused its discretion in (1) denying Minnesota Life attorney's fees for "the successful defense of an appeal of the final judgment" and (2) assessing ad litem fees against Minnesota Life. We affirm.

## Background

On August 31, 1990, Minnesota Life issued a life insurance policy to Terry. The policy named Clements, Terry's husband at that time, as the primary beneficiary. The policy included an additional agreement which provided for an automatic cost-of-living increase. The automatic in-

1. An interpleader is a suit to determine a right to property held by a disinterested third party who is in doubt about ownership and who, therefore, deposits the property with the trial court to permit interested parties to litigate ownership. *Olmos v. Pecan Grove Mun. Util. Dist.*, 857 S.W.2d 734, 741 (Tex.App.-Houston [14th Dist.] 1993, no writ).

crease agreement provided that, if there is an increase in the consumer price index, the face amount of the policy will automatically be increased without the need for evidence of insurability. Any beneficiary designation in effect for the policy at the time of reissuance, due to the automatic cost-of-living agreement, was unaffected. Terry did not change her beneficiary designation at the time of any policy reissuance. In 1991, Terry and Clements divorced. On June 9, 2001, Terry died. At the time of Terry's death, the policy had a face value of $173,000. On July, 25, 2001, Clements, as the beneficiary, notified Minnesota Life of his claim. Minnesota Life's policy required payment on receipt of proof of the insured's death, and, on August 20, 2001, Minnesota Life received such proof.

On September 18, 2001, Clements sued Minnesota Life under article 21.55 of the Texas Insurance Code for statutory damages and to recover the insurance policy proceeds. On September 28, 2001, Minnesota Life offered to tender the policy proceeds into the trial court's registry. On March 27, 2002, Minnesota Life submitted the funds into the trial court's registry.[2]

Clements and Minnesota Life both filed summary judgment motions. Clements's summary judgment motion asserted that he was entitled to the policy proceeds, prejudgment interest, and statutory damages under article 21.55 of the Texas Insurance Code and that the only other "potential claimant"[3] agreed. Minnesota Life's summary judgment motion responded that Clements was not entitled to prejudgment interest or statutory damages,

and Minnesota Life asserted that it was entitled to attorney's fees for its interpleader counterclaim. In its order on both parties' cross-motions for summary judgment, the trial court took judicial notice of the summary judgment evidence and found that (1) Minnesota Life's interpleader action was appropriate, (2) Minnesota Life was entitled to recover attorney's fees associated with its interpleader, (3) Clements was not entitled to recover damages under article 21.55 of the Texas Insurance Code, and (4) Clements was not entitled to recover prejudgment interest or attorney's fees.

## Summary Judgment

Both Clements and Minnesota Life appeal the trial court's denial of the motions for summary judgment.

### Standard of Review

In a traditional summary judgment, the movant bears the burden of proof, and all doubts concerning the existence of a genuine issue of fact must be resolved against the movant. TEX.R. CIV. P. 166a(c); *Roskey v. Tex. Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982). Once the movant proves a right to a summary judgment, the burden shifts to the nonmovant to present evidence creating genuine issues of material fact. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

In a no-evidence summary judgment, the movant may, after sufficient time for discovery, move for summary judgment if there is no evidence to support one or more elements of a claim on which the nonmovant has the burden of proof at trial.

2. According to Clements, on April 8, 2002, Minnesota Life paid the funds in the trial court's registry. However, he does not direct us to a record cite. Minnesota Life contends in its brief that, on March 27, 2002, it paid the funds into the trial court's registry. The only record support we find for the exact date

is in Minnesota Life's summary judgment motion, which complies with the date in its brief.

3. The "potential claimant" Clements referred to is Dorothy Tubb, KLC's maternal grandmother.

TEX.R. CIV. P. 166a(i); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,* 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.). The motion must state the elements to which there is no evidence and the reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. TEX.R. CIV. P. 166a(i).

■ When both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment proof presented by both sides and determine all questions presented. *Comm'rs Court v. Agan,* 940 S.W.2d 77, 81 (Tex.1997); *Admiral Ins. Co. v. Trident NGL, Inc.,* 988 S.W.2d 451, 453 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). If we find error, we must render the judgment the trial court should have entered. *Agan,* 940 S.W.2d at 81.

## Clements's Appeal

### Statutory Damages

■ In his second issue, Clements contends that the trial court abused its discretion in failing to assess statutory damages against Minnesota Life under article 21.55 of the Texas Insurance Code.

■ To maintain a claim under article 21.55, "a party must establish three elements: (1) a claim under an insurance policy; (2) that the insurer is liable for the claim; and (3) that the insurer has failed to follow one or more sections of article 21.55 with respect to the claim." *Allstate Ins. Co. v. Bonner,* 51 S.W.3d 289, 291 (Tex.2001). If a party satisfies these elements, the insurer shall pay the beneficiary 18 percent per annum of the amount of the claim as damages, in addition to the amount of the claim. *Id.* Article 21.55,

section 3(f) of the Texas Insurance Code provides:

> Except as otherwise provided, if an insurer delays payment of a claim following its receipt of all items, statements, and forms reasonably requested and required, as provided under Section 2 of this article, for a period exceeding the period specified in other applicable statutes or, in the absence of any other specified period, for more than 60 days, the insurer shall pay damages and other items as provided for in Section 6 of this article.

TEX. INS.CODE ANN. art. 21.55, § 3 (Vernon Supp.2004). Article 21.55, section six provides:

> In all cases where a claim is made pursuant to a policy of insurance and the insurer liable therefore is not in compliance with the requirements of this article, such insurer shall be liable to pay the holder of the policy, or the beneficiary making a claim under the policy, in addition to the amount of the claim, 18 percent per annum of the amount of such claim as damages, together with reasonable attorney['s] fees. If suit is filed, such attorney['s] fees shall be taxed as part of the costs in the case.

TEX. INS.CODE ANN. art. 21.55, § 6 (Vernon Supp.2004).

We examine the three *Bonner* elements for recovery under the facts of this case. First, it is undisputed that Clements made his claim pursuant to an insurance policy. Second, upon receipt of proof of Terry's death, Minnesota Life was liable for the face value of the policy. However, Clements did not establish the third requisite element, that Minnesota Life violated any section of article 21.55 by not paying Clements's claim.

The trial court found that Minnesota Life complied with the requirements of article 21.55, thus releasing Minnesota Life

from paying damages. Specifically, the trial court found that Minnesota Life (1) was faced with conflicting claims[4] to the life insurance policy proceeds, (2) promptly and in good faith admitted its liability to pay the proceeds, and (3) filed its interpleader action and tendered the funds into the registry of the trial court.[5] In arriving at its conclusion, the trial court stated that it considered that Minnesota Life's interpleader action complied with the "safe harbor" afforded by section 9.301(c) of the Texas Family Code.[6] We agree.

■ A stakeholder may interplead funds when it is the subject of conflicting claims such that it is or may be exposed to double or multiple liability. *See* TEX.R. CIV. P. 43; *Cable Communications Network, Inc. v. Aetna Cas. & Sur. Co.*, 838 S.W.2d 947, 950 (Tex.App.-Houston [14th Dist.] 1992, no writ). The purpose of interpleader is to allow an innocent stakeholder facing rival claims to let the courts decide who is entitled to the funds and, thus, avoid the peril of acting as judge and jury itself. *Olmos*, 857 S.W.2d at 741. A petitioner in interpleader must prove that he (1) is subject to, or has reasonable

grounds to anticipate, rival claims to the same funds; (2) has not unreasonably delayed in filing the interpleader action; and (3) has unconditionally tendered the funds into the registry of the trial court. *Id.* A party faced with competing claims obtains a discharge of liability to the competing claimants by interpleading the funds. *Citizens Nat'l Bank of Emporia v. Socony Mobil Oil Co., Inc.*, 372 S.W.2d 718, 722 (Tex.Civ.App.-Amarillo 1963, writ ref'd n.r.e.).

■ In its "Amended Order on Parties' Cross–Motions for Summary Judgment," the trial court found that Minnesota Life's interpleader action was appropriate and specifically found that Minnesota Life (1) was subject to, or had reasonable grounds to anticipate, rival claims to the life insurance policy proceeds; (2) did not unreasonably delay in filing the interpleader action; and (3) had unconditionally tendered the policy proceeds into the trial court. We agree.

The record establishes that Minnesota Life met the elements of a proper interpleader. *See Olmos*, 857 S.W.2d at 741. First, considering that Clements and Ter-

---

**4.** Both Clements and KLC asserted claims.

**5.** The record establishes that Minnesota Life interpleaded not only the policy amount in dispute but also an additional sum to cover what it anticipated, under the contractual terms of the policy, would be prejudgment interest.

**6.** Section 9.301(a) of the Texas Family Code provides that, if a divorce is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, that beneficiary designation is not effective unless (1) the decree designates the insured's former spouse as beneficiary; (2) the insured redesignates the former spouse as the beneficiary; or (3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either

former spouse. TEX. FAM.CODE ANN. § 9.301(a) (Vernon Supp.2004).

Section 9.301(c) provides:
An insurer who pays the proceeds of a life insurance policy issued by the insurer to the beneficiary under a designation that is not effective under Subsection (a) is liable for payment of the proceeds to the person or estate provided by Subsection (b) only if: (1) before payment of the proceeds to the designated beneficiary, the insurer receives written notice at the home office of the insurer from an interested person that the designation is not effective under Subsection (a); and (2) the insurer has not interpleaded the proceeds into the registry of a court of competent jurisdiction in accordance with the Texas Rules of Civil Procedure.
TEX. FAM.CODE ANN. § 9.301(c) (Vernon Supp. 2004).

ry were divorced at the time of Terry's death, Minnesota Life had reasonable grounds to anticipate rival claims to the proceeds. Second, Minnesota Life did not delay unreasonably. On July, 25, 2001, Minnesota Life had formal notice of Clements's claim. On August 16, 2001, Minnesota Life informed Clements that, because there was a potential for a conflicting claim regarding the interpretation of section 9.301 of the Texas Family Code, its policy required filing an interpleader action. On September 28, 2001, Minnesota Life filed its interpleader. Accordingly, we hold that the trial court did not err when it found that Minnesota Life did not unreasonably delay. Third, in filing its interpleader action, Minnesota Life unconditionally tendered funds in the trial court's registry and disclaimed any interest in the proceeds. Accordingly, we hold that the trial court did not err in finding that Minnesota Life complied with the requirements of article 21.55.

In support of his argument that such a damage award is mandatory in this case, Clements relies on *Marineau v. Gen. Am. Life Ins. Co.*, 898 S.W.2d 397 (Tex.App.-Fort Worth 1995, writ denied). However, *Marineau* is easily distinguishable. *Marineau* held that an insurer's good faith effort in *denying* a claim, by itself, was not a defense to the action of the statute. *Id.* at 404. Here, Minnesota Life did not *deny* its liability. Further, *Marineau* did not involve an interpleader action. Thus, the trial court did not abuse its discretion in denying Clements article 21.55 damages.

We overrule Clements's second issue.

### Prejudgment Interest

In his first issue, Clements contends that the trial court erred in denying his request for prejudgment interest. Clements asserts that, either under section 302.002 of the Texas Finance Code[7] or pursuant to equitable principles, the trial court was mandated to award prejudgment interest. Clements argues that the trial court incorrectly relied on *Greer v. Franklin Life Ins. Co.*, 148 Tex. 166, 221 S.W.2d 857 (1949), in its decision, and it gave no consideration to the Texas Finance Code or to principles of equity when it refused to grant prejudgment interest. We disagree.

We review a challenge to a trial court's decision regarding prejudgment interest using an abuse-of-discretion standard, giving limited deference to the trial court's application of the law to the facts. *Purcell Constr., Inc. v. Welch*, 17 S.W.3d 398, 402 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Under this standard, we will not disturb a trial court's findings on factual issues unless the trial court reasonably could have reached only one decision and it failed to do so. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex.1992). However, "a trial court has no discretion in determining what the law is or applying the law to the facts." *Id.* at 840.

A trial court "is permitted, but not required, to award prejudgment interest under the authority of a statute ... or under an equitable theory or both." *Lar-*

---

7. Texas Finance Code, section 302.002, upon which Clements relies, provides as follows:
   If a creditor has not agreed with an obligor to charge the obligor any interest, the creditor may charge and receive from the obligor legal interest at the rate of six percent a year on the principal amount of the credit extended beginning on the 30th day after the date on which the amount is due. If an obligor has agreed to pay to a creditor any compensation that constitutes interest, the obligor is considered to have agreed on the rate produced by the amount of that interest, regardless of whether that rate is stated in the agreement.
   TEX. FIN.CODE ANN. § 302.002 (Vernon Supp. 2004).

con Petroleum, Inc. v. Autotronic Sys., Inc., 576 S.W.2d 873, 879 (Tex.Civ.App.-Houston [14th Dist.] 1979, no writ); *see also Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex.1998) (stating that two legal sources for an award of prejudgment interest include general principles of equity and an enabling statute).

Here, we cannot say that the trial court abused its discretion by not awarding prejudgment interest to Clements under the Texas Finance Code section 302.002. Section 302.002 does not mandate an award of prejudgment interest where, as here, a party does not prevail on a breach of contract cause of action or on any cause of action it has asserted. *See* TEX. FIN.CODE ANN. § 302.002. Likewise, we cannot hold that, under the facts of this case, the trial court abused its discretion in not awarding prejudgment interest to Clements under equitable principles. As explained above, the trial court correctly found that, based on article 21.55 of the Texas Insurance Code, Clements was not entitled to recover for his claim for damages. Accordingly, Clements brought an unmeritorious insurance code violation claim against Minnesota Life. Thus, Clements has not shown entitlement to prejudgment interest.

Finally, we hold that, in support of its decision not to award prejudgment interest to Clements, the trial court correctly relied on the holding in *Greer*. *Greer* involved an interpleader action in a suit for insurance proceeds where the complainant had intentionally killed her husband. 221 S.W.2d at 858. The Supreme Court held that the insurer had appropriately interplead the funds, and the Court refused to award, under a predecessor statute to article 21.55 of the Texas Insurance Code, attorney's fees, statutory penalties, or interest against the insurer. *Id.* at 861.

Clements asserts that *Greer* is inapplicable to the facts here because *Greer* involved the predecessor statute to article 21.55 of the Texas Insurance Code. The rationale behind its holding is applicable here: where an insurer timely interpleads disputed funds and is found to have acted lawfully, the insured should not be rewarded with attorney's fees and interest for bringing an unmeritorious claim for insurance code violations against the insurer. Accordingly, we hold that the trial court did not abuse its discretion when it denied Clements's motion for summary judgment seeking prejudgment interest.

We overrule Clements's first issue.

### Minnesota Life's Appeal

#### Attorney's Fees

█ In its first issue, Minnesota Life contends that the trial court abused its discretion in denying Minnesota Life attorney's fees "for the successful defense of an appeal of the final judgment." Minnesota Life argues that, because the trial court decided, within its discretion, to award attorney's fees for filing the interpleader, it abused its discretion by not awarding attorney's fees for Minnesota Life's appeal. We disagree.

█ We review a trial court's award of appellate attorney's fees under the abuse-of-discretion standard. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998). The trial court may, in its discretion, allow a fee to the attorney for an appeal; it is not required to do so. *See Schwartz v. Jacob*, 394 S.W.2d 15, 20–21 (Tex.Civ.App.-Houston, [1st Dist.] 1965, writ ref'd n.r.e.). Here, pursuant to its equitable powers, the trial court awarded attorney's fees for Minnesota Life's interpleader. *See Northshore Bank v. Commercial Credit Corp.*, 668 S.W.2d 787, 790 (Tex.App. Houston-[14th Dist.] 1984, writ. ref'd n.r.e.) (holding that an interpleader is

an equitable proceeding). Given the trial court's analysis of the relationship between and conduct of the parties in this case, the trial court did not abuse its discretion in exercising its equitable powers to deny appellate attorney's fees to Minnesota Life. Accordingly, we overrule Minnesota Life's first issue.

### Ad Litem Fees

In its second issue, Minnesota Life contends that the trial court abused its discretion when it assessed ad litem fees against Minnesota Life.

■ The record reflects that, before this appeal, Minnesota Life did not object to the trial court's award of ad litem fees. Accordingly, Minnesota Life failed to preserve error on this issue. *See* TEX.R.APP. P. 33.1(a); *Schlafly v. Schlafly,* 33 S.W.3d 863, 868 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (When there is no objection to or "motion filed aimed at the purported errors in awarding ad litem fees," there is no error preserved for appeal.).

We overrule Minnesota Life's second issue.

### Conclusion

We affirm the judgment of the trial court.