Reversed and Remanded and Memorandum Opinion filed April 27, 2006









Reversed
and Remanded and Memorandum Opinion filed April 27, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00159-CV

____________

 

SEMINOLE
TRANSPORTATION AND GATHERING, L.P., Appellant

 

V.

 

CEDYCO CORPORATION, Appellee

 



 

On Appeal from the 190th
District Court

Harris County, Texas

Trial Court Cause No. 2003-63730

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from a summary
judgment.  In two issues, appellant
Seminole Transportation and Gathering, L.P. (ASeminole@) argues that the
trial court erred in granting summary judgment in favor of appellee Cedyco
Corporation (ACedyco@) because Cedyco
did not establish the elements of its breach of contract claim against Seminole
and because a party necessary to the proceedings was absent.  Because Cedyco fails to establish that
Seminole had any contractual obligations toward it, we reverse and remand.








The underlying case concerns a dispute over sales proceeds
from a well in Terrebonne Parish, Louisiana (the AWell@). 
Cedyco and another company, Suard Workover, Inc. (ASuard@), dispute which company owns a
certain working interest in the Well that entitles the working interest owner
to a portion of the Well=s sales proceeds.[1]  A joint operating agreement, entitled AModel Form Operating Agreement@ (the AAgreement@),[2]
governs relations between the Well=s operator and its non-operator
signatories.

Baby Oil, Inc., a Suard subsidiary, began operating the Well
in 2003 and sold well production to a purchaser, Gulfmark Energy, Inc. (AGulfmark@). 
Because it did not recognize Cedyco=s claimed working interest in the
Well, Baby Oil did not pay Cedyco any proceeds from these sales.  After unsuccessfully demanding payment and an
accounting of the Well=s production and sales from Baby Oil, Cedyco demanded payment
from Gulfmark, the purchaser, claiming it was entitled to direct payment from
purchasers under the Agreement.  Cedyco
sent Gulfmark and its attorney several demand letters, and when Gulfmark failed
to pay, Cedyco filed a breach of contract claim against Gulfmark, Baby Oil, and
Suard in Harris County, Texas. 
Consequently, Gulfmark interpleaded the disputed funds into the trial
court=s registry.  Baby Oil then replaced Gulfmark with Seminole
as its purchaser, after which Cedyco demanded direct payment from Seminole and
amended its claim to add Seminole as a defendant.  Cedyco and Seminole filed an agreed temporary
injunction under which Seminole deposited the disputed proceeds into the court=s registry.  Subsequently, Baby Oil, a Louisiana
corporation, made a special appearance contesting the trial court=s jurisdiction.  Cedyco filed a motion to nonsuit Baby Oil on
May 4, 2004, which the trial court granted two days later.  








On July 29, 2004, Cedyco filed a motion
for summary judgment on its breach of contract claims against Seminole and
Gulfmark and requested disbursement of the interpleaded funds.  Cedyco=s entire summary
judgment evidence against Seminole consisted of:  (1) an affidavit from Cedyco=s president claiming ownership of the
funds in the registry and stating that Seminole had refused to pay Cedyco
directly on demand, (2) a copy of the Agreement, (3) a revenue statement
indicating that Cedyco received proceeds before Baby Oil became operator, and
(4) Seminole=s Agreed Temporary Injunction.  At this time, Seminole did not respond to
Cedyco=s motion for
summary judgment.  On September 30, 2004,
four days before the trial court granted Cedyco=s motion for
summary judgment, Cedyco nonsuited Suard, a Louisiana corporation that, like
Baby Oil, contested jurisdiction through a special appearance.  The trial court granted Cedyco=s motion for
summary judgment on October 4, 2004 and nonsuited its remaining claims without
prejudice on November 29, 2004.  

In May 2004, Baby Oil filed an action in
Lousiana seeking declaratory judgment on the disputed funds against Seminole,
Cedyco, Petroquest, Suard, and Gulfmark. 
On December 8, 2004, the Louisiana court ordered the funds deposited
into its registry.  Upon finding itself
suddenly subjected to double liability, Seminole moved in the Texas trial court
to file a late response to Cedyco=s summary judgment
motion and concurrently filed its response. 
The trial court did not grant Seminole leave to file its late response,
and this appeal followed. 








In its first issue, Seminole complains that the trial court=s summary judgment
in favor of Cedyco was erroneous because Cedyco failed to establish the
elements of its breach of contract claim. 
The standard of review for a traditional motion for summary judgment is
whether the successful movant at the trial level carried its burden of showing
that there is no genuine issue of material fact and that judgment should be
granted as a matter of law.  KPMG Peat
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  Under this traditional standard,
this court must take as true all evidence favorable to the nonmovant and must
make all reasonable inferences in the nonmovant=s favor.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).  However,
summary judgments must stand on their own merits, and the nonmovant=s lack of response
does not negate the movant=s burden of
proving entitlement to summary judgment as a matter of law.  City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).  A
non-movant is not precluded from asserting on appeal that the grounds presented
to the trial court in the movant=s motion for
summary judgment are insufficient as a matter of law to support the
motion.  Hammond v. Katy Indep. Sch.
Dist., 821 S.W.2d 174, 177 (Tex. App.CHouston [14th
Dist.] 1991, no pet.).

To recover under a breach of contract claim, a plaintiff
must prove (1) the existence of a valid contract, (2) performance or tendered
performance by the plaintiff, (3) defendant=s breach, and (4)
resulting damages. Renteria v. Trevino, 79 S.W.3d 240, 242 (Tex. App.CHouston [14th
Dist.] 2002, no pet.). 

Cedyco=s claim of
contractual obligation against Seminole is based entirely on Cedyco=s rights under the
Agreement.  At oral argument, Cedyco=s counsel pointed
to a provision of the Agreement that states, AEach party . . .
shall be entitled to receive payment direct from the purchaser thereof for its
share of all production.@ 
Although this language may obligate the well operator and other
signatories to the Agreement, it does not obligate Seminole, a
non-signatory.  Cedyco argues that
Seminole ratified the Agreement by depositing the disputed funds into the court=s registry.  Ratification of a contract occurs when a party
recognizes the validity of the contract by acting under the contract,
performing under it, or affirmatively acknowledging it.  Zieben v. Platt, 786 S.W.2d 797, 802
(Tex. App.CHouston [14th Dist.] 1990, no pet.).  Cedyco cites no law, and we have found none,
that infers ratification from the act of interpleading funds.  Further, to hold that Seminole=s interpleading of
funds constituted ratification would defeat the purpose of interpleader, which
is to protect innocent stakeholders.  See
Clements v. Minn. Life Ins. Co., 176 S.W.3d 258, 263 (Tex. App.CHouston [1st
Dist.] 2004, no pet.) (AThe purpose of interpleader is to allow an
innocent stakeholder facing rival claims to let the courts decide who is
entitled to the funds and, thus, avoid the peril of acting as judge and jury
itself.@).[3]  








Having reviewed the summary judgment evidence before the
trial court, we find Cedyco failed to carry its summary judgment burden because
it failed to establish that Seminole had any contractual obligations toward
it.  Accordingly, we sustain Seminole=s first
issue.  Thus, we need not consider its
second issue regarding the absence of necessary parties.

We reverse the trial court=s judgment and
remand for proceedings consistent with this opinion.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 27, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.











[1]  Both parties
claim they purchased the same working interest from a third party, Petroquest
Energy, L.L.C., which is not a party to this lawsuit.





[2]  The record
reflects two such agreements that are substantially similar except for their
dates and several minor variances.  At
oral argument, Cedyco=s attorney stated that both agreements contain direct
payment language, the subject of this dispute. 
Accordingly, we refer to both agreements collectively as the AAgreement.@





[3]  Moreover, when Seminole entered the
agreed temporary injunction and interpleaded the funds in March 2004, both Baby
Oil and Suard, the other claimants to the proceeds, were defendants in the
case.  Thus, Cedyco was not the only
party claiming entitlement to the funds when Seminole interpleaded them.