Opinion filed September
20, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00236-CV

                                                    __________

 

                    TOMMY
DELESANDRI AS NEXT FRIEND FOR

                              GREGORY
DELESANDRI, Appellant

 

                                                             V.

 

          ROJAY, LLC,
D/B/A PONDEROSA APARTMENTS, Appellee



 

                                   On
Appeal from the 118th District Court

 

                                                          Howard
County, Texas

 

                                                      Trial
Court Cause No. 46926

 



 

                                            M
E M O R A N D U M   O P I N I O N

            This
appeal arises out of a lawsuit Gregory Delesandri filed against Rojay, LLC, d/b/a
Ponderosa Apartments.  Delesandri allegedly fell on some stairs at the
Ponderosa Apartments and sustained severe head injuries.  Delesandri nonsuited
his cause of action.  The trial court subsequently held a hearing on the motion
to compel and motion for sanctions that had been filed by Rojay before the
nonsuit.  The trial court entered an order granting the motion and ordering
Delesandri “and/or his attorney of record, Charles Dunn, [to] pay $2500.00 for
reasonable expenses incurred, including attorney’s fees,” and also to “pay
$675.00” for ad litem[1] fees. Delesandri
appeals.  We affirm.

            Delesandri
presents two issues for review.  In his first issue, Delesandri asserts that
the trial court abused its discretion in sanctioning him and his attorney
because there is no evidence that sanctionable conduct occurred or to whom the
conduct could be attributed.  In the second issue, Delesandri contends that the
trial court abused its discretion in the award of the ad litem fees because
there was no notice of a hearing on that issue and no evidence as to the
amount, the reasonableness, or the necessity of such fees.  In this issue,
Delesandri also asserts that the trial court abused its discretion in ordering
Dunn, a nonparty, to pay the ad litem fees. 

            First,
we must address the jurisdictional issue raised by Rojay in its brief.  Rojay
asserts that this court has no jurisdiction to entertain this appeal because
the trial court has not entered a final judgment in this case.  We disagree. 
The trial court’s order granting Delesandri’s motion for nonsuit and its order
granting Rojay’s motion collectively disposed of all of the claims between the
parties.  See Crites v. Collins, 284 S.W.3d 839, 841 (Tex. 2009);
Villafani v. Trejo, 251 S.W.3d 466, 468 (Tex. 2008).  Thus, the order from
which Delesandri appeals is a final, appealable order that may be considered on
appeal to this court.  See Villafani, 251 S.W.3d at 470 (recognizing
that monetary sanctions “may serve compensatory and punitive purposes beyond
the specific proceeding and, therefore, survive a nonsuit and can be the
subject of an appeal”).  

            Next,
we note that Dunn did not file a notice of appeal and has not perfected an
appeal on his own behalf.  Dunn filed a notice of appeal on Delesandri’s behalf
as the attorney for Delesandri, but Dunn did not join as an appellant in that
notice of appeal.  The notice of appeal indicates that only “Delesandri . . . desires
to appeal.”  Under Tex. R. App. P.
25.1, a party who seeks to alter the trial court’s judgment or other appealable
order must file a notice of appeal.  Consequently, we will address the issues
as they relate to Delesandri, not Dunn.  See Sluder v. Ogden, No. 03-10-00280-CV,
2011 WL 116058, at *2 (Tex. App.—Austin Jan. 13, 2011, pet. denied) (mem. op.)
(holding that appellate court lacked jurisdiction to decide appeal of attorney
who had not joined in party’s notice of appeal); Matbon, Inc. v. Gries,
287 S.W.3d 739, 740 (Tex. App.—Eastland 2009, no pet.); Benavides v. Knapp
Chevrolet, Inc., No. 01-08-00212-CV, 2009 WL 349813, at *3 (Tex.
App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.).  

            In
his first issue, Delesandri contends that the trial court abused its discretion
when it ordered him to pay expenses and attorney’s fees, arguing specifically
that Rojay presented no evidence of sanctionable conduct.  In its motion, Rojay
alleged that Delesandri failed to properly respond to one of the questions asked
in the second set of interrogatories, and Rojay sought $2,500 “for reasonable
expenses and attorney fees incurred in filing this motion.”  Rojay asserted
that Delesandri provided the same telephone number that he had previously
provided and for which records had already been subpoenaed.  The
interrogatories are not included in the record on appeal.  However, in his
response to Rojay’s motion, Delesandri quoted the interrogatory in question as
follows: “Please list the cellular carrier name, and cellular telephone number
for a cellular device in your custody and/or control at the time of the
incident made the basis of this suit through August 2009.”  Delesandri, in his
response, denied withholding any telephone number.

            The
trial court held a hearing on Rojay’s motion.  Neither Delesandri nor Dunn appeared
at the hearing despite being notified of the hearing.  At the hearing, an
attorney for Rojay first explained to the court that Delesandri, by this suit,
had perpetrated a fraud upon the court and the system because Delesandri had
faked his injuries in order to bring this suit and to obtain social security
benefits.  Rojay had obtained affidavits from two witnesses indicating that
Delesandri and his girlfriend had discussed “faking” an injury “about half a
day before it happened.”  A deputy, with whom Delesandri had been cooperating
in an unrelated matter, had numerous videos showing Delesandri was “perfectly
fine,” in stark contrast to Delesandri’s actions at his deposition where
Delesandri acted and spoke like a young child, appeared to be incapacitated,
and could not even answer questions as simple as his age or name.  Rojay’s
attorney then stated that there was some indication that “Dunn knew for some
time that this was a false claim.”

            Rojay’s
attorney then requested the phone records that had previously been submitted to
the trial court for an in camera inspection (based upon Dunn’s filing of a
motion to quash the subpoena duces tecum) and also addressed Rojay’s request
for sanctions.  One reason given for Rojay’s request for Delesandri’s phone
records was to determine if the records revealed long conversations, which
would indicate he was able to communicate.  Another reason given was to
determine whether Delesandri had a conversation on the day of the alleged
injury, June 20, 2009, with the person who resided in the apartment near the
stairs.  The trial court noted that the records for the phone number that
Delesandri had provided to Rojay “don’t start until August,” a couple of months
after the incident.  Another attorney representing Rojay then explained the
difficulty that they had faced in getting Delesandri to give them “correct
phone numbers.”  With the additional discovery and the second set of
interrogatories, Rojay was “trying to obtain another telephone number.”  The
filing of the motion to compel was necessitated when Delesandri disclosed no
other telephone number but, instead, repeated the number that he had previously
disclosed but that did not “start until August.”  Rojay specifically sought
discovery of the phone number that Delesandri had on the date of the incident. 
After a discussion between Rojay’s attorneys and their legal assistant, it was
ultimately determined that Delesandri had not provided Rojay with “the correct
cell phone number for the cell phone they had at the time of the incident.”  Thereafter,
Rojay’s attorney asked the trial court to impose sanctions of $2,500 for the
“failure to comply with discovery.”

When
the discovery process is abused, a trial court may order sanctions as provided
for by Rule 215 of the Texas Rules of Civil Procedure.  See Tex. R. Civ. P. 215.1–215.3.  Rule
215.1 authorizes the imposition of sanctions when an evasive or incomplete
answer has been provided in response to a discovery request.  See Rule
215.1(b), (c); see also Rule 215.2(b).  Under Rule 215.1(d), when a
motion to compel is granted, “the court shall, after opportunity for hearing,
require a party or deponent whose conduct necessitated the motion or the party
or attorney advising such conduct or both of them to pay . . . the moving party
the reasonable expenses incurred in obtaining the order, including attorney
fees.”  Additionally, Rules 215.2(b)(8) and 215.3 authorize the trial
court to impose reasonable expenses, including attorney’s fees, as a sanction.

Discovery
sanctions are discretionary and are reviewed on appeal for an abuse of
discretion.  Am. Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583
(Tex. 2006).  A trial court abuses its discretion when it acts without reference
to any guiding rules and principles, such that its ruling is arbitrary or
unreasonable.  Id.  An appellate court reviewing sanctions must ensure
that the sanctions were just and must measure the sanctions using two
standards: (1) there must be a direct relationship between the conduct and the
sanction imposed and (2) the sanction must not be excessive.  Id.; TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991).  In reviewing
an order imposing sanctions, we must independently review the entire record.  Am.
Flood Research, 192 S.W.3d at 583.  

The trial court did not enter an excessive sanction in this
case.  The trial court awarded only $2,500 to cover the expenses that Rojay
incurred as a result of having to file a motion to compel.  Rule 215 authorizes
the imposition of this type of sanction.  No other sanctions were imposed. 
Furthermore, a direct relationship existed between the sanction imposed and
Delesandri’s and Dunn’s conduct in failing to disclose the phone number that
Delesandri had on the date of the incident and in repeatedly providing a number
issued two months after the incident.  We cannot hold that the discovery
sanction imposed by the trial court constituted an abuse of discretion under
the circumstances of this case.  

Delesandri also complains that Rojay “failed to put on any
evidence” of the amount of expenses or attorney’s fees incurred as a result of
Delesandri’s alleged discovery abuse.  This contention is also without merit. 
When attorney’s fees are assessed as a sanction, no proof of necessity or
reasonableness is required.  Prize Energy Res., L.P. v. Cliff Hoskins, Inc.,
345 S.W.3d 537, 575–76 (Tex. App.—San Antonio 2011, no pet.).  “A trial court
can take judicial notice of the usual and customary fees awarded as a discovery
sanction.”  Cire v. Cummings, 134 S.W.3d 835, 844 (Tex. 2004); see
Tex. Civ. Prac. & Rem. Code Ann.
§ 38.004 (West 2008).  Because the trial court’s imposition of a sanction in
the amount of $2,500 was presumptively based on its judicial notice of
reasonable attorney’s fees, the sanction was supported by sufficient evidence.  See
Trahan v. Lone Star Title Co. of El Paso, Inc., 247 S.W.3d 269, 282–83 (Tex.
App.—El Paso 2007, pet. denied); In re Estate of Kidd, 812 S.W.2d 356,
359 (Tex. App.—Amarillo 1991, writ denied).  We cannot hold that the trial
court abused its discretion when it imposed the $2,500 sanction in this case.  The
first issue on appeal is overruled.  

            In
his second issue, Delesandri complains of the trial court’s award of the $675
ad litem fee.  The record shows that the trial court had appointed a guardian
ad litem for Gregory Delesandri in accordance with Tex. R. Civ. P. 173.  The ad litem filed an expense report
with the trial court and also sent it to the parties’ attorneys.  Attached to
the report is a detailed statement of the hours that the ad litem spent and the
expenses he incurred, totaling $675.  There is no record of any objection to
the ad litem’s expense report, and no complaint was made to the trial court
regarding its award of ad litem fees.  Consequently, the issue of the ad litem
fees has not been preserved for review.  Tex.
R. App. P. 33.1(a); Clements v. Minn. Life Ins. Co., 176 S.W.3d
258, 266 (Tex. App.—Houston [1st Dist.] 2004, no pet.), superseded by
statute on other grounds as recognized in State Farm Life Ins. Co. v. Martinez,
216 S.W.3d 799, 804 (Tex. 2007); Schlafly v. Schlafly, 33 S.W.3d
863, 868 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  Delesandri’s
second issue is overruled.

            In
its brief, Rojay asserts that this appeal is frivolous and requests damages
under Tex. R. App. P. 45. 
Because we do not believe this appeal is frivolous, we decline to award damages
under Rule 45. 

            The
order of the trial court is affirmed.  

 

 

PER CURIAM

 

September 20,
2012

Panel[2]
consists of: Wright, C.J.,

McCall, J., and Hill.[3]









[1]We
note that the trial court’s order incorrectly refers to the fees as “attorney”
ad litem fees instead of guardian ad litem fees. 





[2]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[3]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.