**Opinion filed September 20, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00236-CV

_____

## TOMMY DELESANDRI AS NEXT FRIEND FOR GREGORY DELESANDRI, Appellant

## V.

## ROJAY, LLC, D/B/A PONDEROSA APARTMENTS, Appellee

### On Appeal from the 118th District Court

### Howard County, Texas

### Trial Court Cause No. 46926

### M E M O R A N D U M   O P I N I O N

This appeal arises out of a lawsuit Gregory Delesandri filed against Rojay, LLC, d/b/a Ponderosa Apartments. Delesandri allegedly fell on some stairs at the Ponderosa Apartments and sustained severe head injuries. Delesandri nonsuited his cause of action. The trial court subsequently held a hearing on the motion to compel and motion for sanctions that had been filed by Rojay before the nonsuit. The trial court entered an order granting the motion and ordering Delesandri "and/or his attorney of record, Charles Dunn, [to] pay $2500.00 for reasonable

expenses incurred, including attorney's fees," and also to "pay $675.00" for ad litem[1] fees. Delesandri appeals. We affirm.

Delesandri presents two issues for review. In his first issue, Delesandri asserts that the trial court abused its discretion in sanctioning him and his attorney because there is no evidence that sanctionable conduct occurred or to whom the conduct could be attributed. In the second issue, Delesandri contends that the trial court abused its discretion in the award of the ad litem fees because there was no notice of a hearing on that issue and no evidence as to the amount, the reasonableness, or the necessity of such fees. In this issue, Delesandri also asserts that the trial court abused its discretion in ordering Dunn, a nonparty, to pay the ad litem fees.

First, we must address the jurisdictional issue raised by Rojay in its brief. Rojay asserts that this court has no jurisdiction to entertain this appeal because the trial court has not entered a final judgment in this case. We disagree. The trial court's order granting Delesandri's motion for nonsuit and its order granting Rojay's motion collectively disposed of all of the claims between the parties. *See Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009); *Villafani v. Trejo*, 251 S.W.3d 466, 468 (Tex. 2008). Thus, the order from which Delesandri appeals is a final, appealable order that may be considered on appeal to this court. *See Villafani*, 251 S.W.3d at 470 (recognizing that monetary sanctions "may serve compensatory and punitive purposes beyond the specific proceeding and, therefore, survive a nonsuit and can be the subject of an appeal").

Next, we note that Dunn did not file a notice of appeal and has not perfected an appeal on his own behalf. Dunn filed a notice of appeal on Delesandri's behalf as the attorney for Delesandri, but Dunn did not join as an appellant in that notice of appeal. The notice of appeal indicates that only "Delesandri . . . desires to appeal." Under TEX. R. APP. P. 25.1, a party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. Consequently, we will address the issues as they relate to Delesandri, not Dunn. *See Sluder v. Ogden*, No. 03-10-00280-CV, 2011 WL 116058, at *2 (Tex. App.—Austin Jan. 13, 2011, pet. denied) (mem. op.) (holding that appellate court lacked jurisdiction to decide appeal of attorney who had not joined in party's notice of appeal); *Matbon, Inc. v. Gries*, 287 S.W.3d 739, 740

---

[1]We note that the trial court's order incorrectly refers to the fees as "attorney" ad litem fees instead of guardian ad litem fees.

(Tex. App.—Eastland 2009, no pet.); *Benavides v. Knapp Chevrolet, Inc.*, No. 01-08-00212-CV, 2009 WL 349813, at *3 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.).

In his first issue, Delesandri contends that the trial court abused its discretion when it ordered him to pay expenses and attorney's fees, arguing specifically that Rojay presented no evidence of sanctionable conduct. In its motion, Rojay alleged that Delesandri failed to properly respond to one of the questions asked in the second set of interrogatories, and Rojay sought $2,500 "for reasonable expenses and attorney fees incurred in filing this motion." Rojay asserted that Delesandri provided the same telephone number that he had previously provided and for which records had already been subpoenaed. The interrogatories are not included in the record on appeal. However, in his response to Rojay's motion, Delesandri quoted the interrogatory in question as follows: "Please list the cellular carrier name, and cellular telephone number for a cellular device in your custody and/or control at the time of the incident made the basis of this suit through August 2009." Delesandri, in his response, denied withholding any telephone number.

The trial court held a hearing on Rojay's motion. Neither Delesandri nor Dunn appeared at the hearing despite being notified of the hearing. At the hearing, an attorney for Rojay first explained to the court that Delesandri, by this suit, had perpetrated a fraud upon the court and the system because Delesandri had faked his injuries in order to bring this suit and to obtain social security benefits. Rojay had obtained affidavits from two witnesses indicating that Delesandri and his girlfriend had discussed "faking" an injury "about half a day before it happened." A deputy, with whom Delesandri had been cooperating in an unrelated matter, had numerous videos showing Delesandri was "perfectly fine," in stark contrast to Delesandri's actions at his deposition where Delesandri acted and spoke like a young child, appeared to be incapacitated, and could not even answer questions as simple as his age or name. Rojay's attorney then stated that there was some indication that "Dunn knew for some time that this was a false claim."

Rojay's attorney then requested the phone records that had previously been submitted to the trial court for an in camera inspection (based upon Dunn's filing of a motion to quash the subpoena duces tecum) and also addressed Rojay's request for sanctions. One reason given for Rojay's request for Delesandri's phone records was to determine if the records revealed long conversations, which would indicate he was able to communicate. Another reason given was to

3

determine whether Delesandri had a conversation on the day of the alleged injury, June 20, 2009, with the person who resided in the apartment near the stairs. The trial court noted that the records for the phone number that Delesandri had provided to Rojay "don't start until August," a couple of months after the incident. Another attorney representing Rojay then explained the difficulty that they had faced in getting Delesandri to give them "correct phone numbers." With the additional discovery and the second set of interrogatories, Rojay was "trying to obtain another telephone number." The filing of the motion to compel was necessitated when Delesandri disclosed no other telephone number but, instead, repeated the number that he had previously disclosed but that did not "start until August." Rojay specifically sought discovery of the phone number that Delesandri had on the date of the incident. After a discussion between Rojay's attorneys and their legal assistant, it was ultimately determined that Delesandri had not provided Rojay with "the correct cell phone number for the cell phone they had at the time of the incident." Thereafter, Rojay's attorney asked the trial court to impose sanctions of $2,500 for the "failure to comply with discovery."

When the discovery process is abused, a trial court may order sanctions as provided for by Rule 215 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 215.1–215.3. Rule 215.1 authorizes the imposition of sanctions when an evasive or incomplete answer has been provided in response to a discovery request. *See* Rule 215.1(b), (c); *see also* Rule 215.2(b). Under Rule 215.1(d), when a motion to compel is granted, "the court shall, after opportunity for hearing, require a party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay . . . the moving party the reasonable expenses incurred in obtaining the order, including attorney fees." Additionally, Rules 215.2(b)(8) and 215.3 authorize the trial court to impose reasonable expenses, including attorney's fees, as a sanction.

Discovery sanctions are discretionary and are reviewed on appeal for an abuse of discretion. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, such that its ruling is arbitrary or unreasonable. *Id.* An appellate court reviewing sanctions must ensure that the sanctions were just and must measure the sanctions using two standards: (1) there must be a direct relationship between the conduct and the sanction imposed and (2) the sanction must

4

not be excessive. *Id.*; *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). In reviewing an order imposing sanctions, we must independently review the entire record. *Am. Flood Research*, 192 S.W.3d at 583.

The trial court did not enter an excessive sanction in this case. The trial court awarded only $2,500 to cover the expenses that Rojay incurred as a result of having to file a motion to compel. Rule 215 authorizes the imposition of this type of sanction. No other sanctions were imposed. Furthermore, a direct relationship existed between the sanction imposed and Delesandri's and Dunn's conduct in failing to disclose the phone number that Delesandri had on the date of the incident and in repeatedly providing a number issued two months after the incident. We cannot hold that the discovery sanction imposed by the trial court constituted an abuse of discretion under the circumstances of this case.

Delesandri also complains that Rojay "failed to put on any evidence" of the amount of expenses or attorney's fees incurred as a result of Delesandri's alleged discovery abuse. This contention is also without merit. When attorney's fees are assessed as a sanction, no proof of necessity or reasonableness is required. *Prize Energy Res., L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 575–76 (Tex. App.—San Antonio 2011, no pet.). "A trial court can take judicial notice of the usual and customary fees awarded as a discovery sanction." *Cire v. Cummings*, 134 S.W.3d 835, 844 (Tex. 2004); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 38.004 (West 2008). Because the trial court's imposition of a sanction in the amount of $2,500 was presumptively based on its judicial notice of reasonable attorney's fees, the sanction was supported by sufficient evidence. *See Trahan v. Lone Star Title Co. of El Paso, Inc.*, 247 S.W.3d 269, 282–83 (Tex. App.—El Paso 2007, pet. denied); *In re Estate of Kidd*, 812 S.W.2d 356, 359 (Tex. App.—Amarillo 1991, writ denied). We cannot hold that the trial court abused its discretion when it imposed the $2,500 sanction in this case. The first issue on appeal is overruled.

In his second issue, Delesandri complains of the trial court's award of the $675 ad litem fee. The record shows that the trial court had appointed a guardian ad litem for Gregory Delesandri in accordance with TEX. R. CIV. P. 173. The ad litem filed an expense report with the trial court and also sent it to the parties' attorneys. Attached to the report is a detailed statement of the hours that the ad litem spent and the expenses he incurred, totaling $675. There is no record of any objection to the ad litem's expense report, and no complaint was made to the trial

5

court regarding its award of ad litem fees. Consequently, the issue of the ad litem fees has not been preserved for review. TEX. R. APP. P. 33.1(a); *Clements v. Minn. Life Ins. Co.*, 176 S.W.3d 258, 266 (Tex. App.—Houston [1st Dist.] 2004, no pet.), *superseded by statute on other grounds as recognized in State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 804 (Tex. 2007); *Schlafly v. Schlafly*, 33 S.W.3d 863, 868 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Delesandri's second issue is overruled.

In its brief, Rojay asserts that this appeal is frivolous and requests damages under TEX. R. APP. P. 45. Because we do not believe this appeal is frivolous, we decline to award damages under Rule 45.

The order of the trial court is affirmed.

PER CURIAM

September 20, 2012

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill.[3]

---

[2]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[3]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.