

# IN THE
# TENTH COURT OF APPEALS

————————

## No. 10-12-00414-CV

**INSURANCE COMPANY**
**OF THE STATE OF PENNSYLVANIA,**

**Appellant**

**v.**

**MERLE A. HUGHES,**

**Appellee**

————————

**From the County Court at Law**
**Hill County, Texas**
**Trial Court No. 46131**

## MEMORANDUM OPINION

Merle A. Hughes filed a claim for benefits with the Texas Worker's Compensation Commission, and a contested case hearing was heard before the Texas Department of Insurance, Division of Worker's Compensation (DWC). The DWC made the following decision:

> [Hughes] sustained an injury, in the form of an occupational disease. Because [Hughes] did not sustain a compensable injury, she did not have disability.

> Carriers are relieved from liability under TEX. LABOR CODE ANN. § 409.002, because of [Hughes] failure to timely notify her employer pursuant to § 409.001.
> The date of injury is July 28, 2004.

Hughes filed suit seeking judicial review of the DWC decision and order. After a jury trial, the trial court entered judgment setting aside the DWC decision and order and finding that Hughes sustained a compensable injury on August 31, 2006 while in the course of her employment and that she sustained a disability beginning on October 6, 2006. The trial court also awarded attorney's fees and costs to Hughes out of the benefits. The Insurance Company of the State of Pennsylvania (ISOP) appeals from the trial court's judgment. We affirm.

## Sufficiency of the Evidence

In the first issue on appeal, ISOP argues that the evidence is legally and factually insufficient to support the jury's finding on the issue of compensability. In the second issue, ISOP argues that the evidence is legally and factually insufficient to support the jury's answer on the issue of disability.

The Texas Workers' Compensation Act provides that a party who has exhausted its administrative remedies and is aggrieved by a final decision of the appeals panel may seek judicial review of the appeals panel decision. TEX. LABOR CODE ANN. 410.251 (West 2006); *State Office of Risk Management v. Joiner*, 363 S.W.3d 242, 246 (Tex.App.-Texarkana 2012, pet. den'd). The Act provides that a trial is limited to issues decided by the appeals panel and on which judicial review is sought and that the pleadings must

specifically set forth the determinations of the appeals panel by which the party is aggrieved. TEX. LABOR CODE ANN. 410.302 (b) (West 2006).

ISOP argues on appeal that Hughes failed to show that the injury arose out of her job. ISOP contends that the expert who testified at trial was not qualified and that his testimony did not establish causation related to Hughes's employment. In its findings, the DWC decision and order states that Hughes "sustained damage or harm to the physical structure of her body due to repetitive work activities." The DWC determined that Hughes sustained an injury in the form of occupational disease. Because Hughes was not aggrieved of the DWC's decision that she sustained occupational disease, she did not seek judicial review of that determination. *See* TEX. LABOR CODE ANN. 410.302 (b) (West 2006). ISOP did not seek review of the DWC's determination that Hughes sustained occupational disease. The DWC determination that Hughes sustained occupational disease was not presented for judicial review. We overrule the first and second issues on appeal.

### Timely Notice to Employer

In the third issue, ISOP argues that Hughes did not seek judicial review on the issue of timely notice to her employer which relieves ISOP from all liability. The DWC decision found Hughes date of injury to be July 28, 2004 and that Hughes notified her employer of the injury on August 31, 2006, more than 30 days after the date of injury. The DWC found Hughes notice to be untimely based upon the finding of the date of injury.

In her petition, Hughes stated that she was aggrieved by the determinations: 1) that she did not sustain a compensable injury; 2) that she did not have disability; and 3) that the date of injury was July 28, 2004. Again, the Workers' Compensation Act provides that a trial is limited to issues decided by the appeals panel and on which judicial review is sought. TEX. LABOR CODE ANN. 410.302 (b) (West 2006). The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved. *Id*. Hughes set forth that she was aggrieved by the determination that her date of injury was July 28, 2004 which was the basis for finding that the notice was untimely. We find that Hughes's pleadings comply with Section 410.302 (b). We overrule the third issue.

### Improper Verdict

In the fourth issue, ISOP argues that the jury verdict is improper and that Hughes failed to object to the improper verdict. Question 4 asked "Did Merle Hughes have disability resulting from the injury?" The jury answered "yes". Question 4 then continued, "If YES, for what time period?" The jury answered "FROM <u>Oct 2 '06</u> THRU <u>unknown</u>". ISOP contends that the verdict is "incomplete on the disability period except to the limited extent of a disability of a single day." ISOP further contends that because Hughes would benefit from the incomplete answer, she was required to object to the jury's improper answer at the time it was given.

The DWC decision determined that because Hughes did not sustain a compensable injury, she did not have disability. The DWC decision was based upon its finding that Hughes date of injury was July 28, 2004 and that Hughes did not notify her

employer until August 31, 2006. Because the DWC found that Hughes did not have disability, the DWC did not determine the duration of the disability.

Section 410.302 (b) limits the trial to issues decided by the appeals panel. The duration of disability was not determined by the appeals panel. Hughes was aggrieved by the determination that the date of injury was July 28, 2004 which led to the determination that she did not have a compensable injury and disability. Hughes's pleadings set forth those determinations by which she was aggrieved. *See* TEX. LABOR CODE ANN. 410.302 (b) (West 2006). Therefore, the duration of disability was not properly before the trial court.

A question is immaterial when it should not have been submitted, or when it was properly submitted but has been rendered immaterial by other findings. *Spencer v. Eagle Star Insurance Company of America*, 876 S.W.2d 154, 157 (Tex. 1994). Submission of an improper jury question can be harmless error if the jury's answers to other questions render the improper question immaterial. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 752 (Tex.1995). A jury question is considered immaterial when its answer can be found elsewhere in the verdict or when its answer cannot alter the effect of the verdict. *City of Brownsville v. Alvarado*, 897 S.W.2d at 752.

The question on the duration of the disability should not have been submitted to the jury. The jury found that the date of injury was August 31, 2006, and that Hughes sustained a compensable injury. The Workers' Compensation Act provides in Section 410.207 that during judicial review of the appeals panel decision on any disputed issue relating to a workers' compensation claim, the division retains jurisdiction of all other

issues related to the claim. TEX. LABOR CODE ANN. 410.207 (West 2006). After the jury verdict finding that Hughes sustained a compensable injury, the claim must return to the DWC for a determination of the duration of disability. We find that the jury's answer on the duration of disability was immaterial because its answer could not alter the effect of the verdict. We overrule the fourth issue.

**Attorney's Fees and Costs**

In the fifth issue, ISOP argues that the trial court erred in awarding attorney's fees in the judgment. The trial court's judgment states:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants, the Insurance Company of the State of Pennsylvania and Indemnity Insurance Company of North America are ORDERED to pay Clay Hinds, Attorney at Law the sum of $13,200.00 for attorneys fees out of the benefits of Merle Hughes in accordance with the rules and guidelines of the Texas Department of Insurance, Division of Workers' Compensation.

> Section 408.221 provides:

> (a) An attorney's fee, including a contingency fee, for representing a claimant before the division or court under this subtitle must be approved by the commissioner or court.

> (b) Except as otherwise provided, an attorney's fee under this section is based on the attorney's time and expenses according to written evidence presented to the division or court. Except as provided by Subsection (c) or Section 408.147(c), the attorney's fee shall be paid from the claimant's recovery.

TEX. LABOR CODE ANN. 408.221 (a) (b) (West 2006). Section 408.221 provides two relevant possibilities in which an insurance carrier will pay a claimant's attorney's fees. *Transcontinental Insurance Company v. Crump*, 330 S.W.3d 211, 229 (Tex. 2010). The first is where the carrier pays the claimant's attorney's fees for representation before the

Division of Workers' Compensation and some court proceedings, but the fees are subtracted from the claimant's recovery. *Id*. This is the situation that is before us in this appeal. The trial court must approve these fees, and must consider several factors in doing so. *Id*. In reviewing fees awarded in this situation, the Court in *Transcontinental* "held that the amount of the attorney's fees to be allowed in compensation cases is a matter for the trial court to determine without the aid of a jury, and the amount of the recovery is within its discretion." *Transcontinental Insurance Company v. Crump*, 330 S.W.3d at 229-230 (citing *Texas Employers Insurance Association v. Motley*, 491 S.W.2d 395, 397 (Tex.1973)).

The judgment states that the attorney's fees are to be paid out of Hughes's benefits. The attorney for ISOP agreed on the record that the fees were payable out of Hughes's proceeds. We find that the trial court did not abuse its discretion in awarding the attorney's fees out of Hughes's benefits.

ISOP also complains that the trial court's judgment incorrectly awards costs in the amount of $363 to Hughes. Rule 131 of the Texas Rules of Civil Procedure states that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except when otherwise provided." TEX. R. CIV. P. 131. A determination of whether a party is the prevailing or successful party must be based upon success on the merits, and not on whether damages were awarded. *Caesar v. Bohacek*, 176 S.W.3d 282,286 (Tex.App.-Houston [1 Dist.] 2004, no pet.). Hughes was the successful party. ISOP does not dispute the amount of costs or argue that the trial court miscalculated the

costs. We do not find that the trial court abused its discretion in awarding costs. We overrule the fifth issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed April 16, 2015
[CV06]

